No. 24,450.

MELVIN NOLTING and OSCAR NOLTING, Minors, by HATTIE NOLTING,
Their Mother and Next Friend, *Appellees*, v. THOMAS HOLT et al.,
*Appellants*.

SYLLABUS BY THE COURT.

1. PARTITION AND EJECTMENT—*Action by Heirs—Competent Evidence to
Prove Paternity of Mulattoes the Children of a White Woman.* The action
was one by two mulattoes, to recover real estate as recognized sons and
heirs of a deceased negro. The mother of the plaintiffs was a white woman,
and when they were conceived and born she was living with her husband,
a white man. After proving it was impossible for their mother's husband
to be their father, the children, called their mother as a witness, and she
testified the negro was their father. *Held,* the testimony was properly re-
ceived.

2. SAME. Various assignments of error considered, and held to be without
substantial merit.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB,
judge. Opinion filed May 12, 1923. Affirmed.

*W. A. S. Bird,* and *Elisha Scott,* both of Topeka, for the appellants.
*J. J. Schenck,* and *W. E. Atchison,* both of Topeka, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one of ejectment and for partition.
The plaintiffs prevailed, and the defendants appeal.

In March, 1919, James Holt, a negro, the owner of the land in
controversy, died intestate. He left a son, Thomas Holt, and the
children of a deceased daughter, as legitimate heirs. They are the
defendants. The plaintiffs are mulattoes. They are sons of Hattie
Nolting, a white woman, and they claimed James Holt was their
father.

When the plaintiffs were conceived and born, Hattie Nolting was
the wife of Charles Nolting, a white man, and was living with her
husband. She had previously borne to her husband nine white
children. The questions of fact in the case were, first, are the
plaintiffs children of James Holt, and second, had he generally and
notoriously recognized them as his children? There was no dispute
that the plaintiffs are children of Mrs. Nolting.

The plaintiffs proved it was impossible for them to be children of
Charles Nolting. They also introduced evidence establishing a state

of affairs which made it morally certain James Holt was their father, proved general reputation in the community that they were children of James Holt, and produced evidence that he recognized them as his sons, and referred to them and treated them as such. The plaintiffs then called Mrs. Nolting, who testified their father was James Holt. The defendants complain of admission of Mrs. Nolting's testimony.

Many cases are cited which properly hold there is a presumption of legitimacy, and that, in the interest of public policy, a woman should not be permitted to testify that some man other than her husband is the father of her child, born in wedlock. The cases are not pertinent here. Under all the authorities the presumption of legitimacy may be overcome by proof. Proof that it is impossible the husband of its mother could be the child's father, is admissible, and being admitted, establishes illegitimacy. Whether proof of less cogency will suffice need not be considered. In this instance, Charles Nolting was a blue-eyed, flaxen-haired German, with a good record for siring white children, and he had no more potency to beget a multato child by his white wife than he would have had if he had been beyond the seas, or had been castrated. When all the ends which the presumption of legitimacy is designed to conserve have been defeated by sordid facts, the courts must deal with the situation in a common-sense way. The statute grants to an illegitimate child inheritance from its father. Its mother knows who the father was. Her evidence is the best evidence, and justice to the child requires that she be a competent witness to its paternity.

It is not necessary to discuss the testimony relating to paternity of these children. When the direct and cross-examinations of Mrs. Nolting were completed, what was otherwise well proved became a certainty. No jury, sensible of its responsibility, could decline to find that the plaintiffs are sons of James Holt, and the court will not consume space in discussing errors assigned relating to the paternity branch of the case.

There is little else of importance in the case. The defendants complain of an amendment to the petition made at the trial. The allegations of the petition that James Holt left surviving him as heirs his sons, the plaintiffs, and that at his death the paintiffs became legal and equitable owners of designated interests in the land, authorized evidence of heirship, whether as legitimate or ille-

gitimate children. The subject of illegitimacy was presented in the opening statement to the jury on behalf of the plaintiffs. The issue was tried out, much evidence being produced on both sides. The amendment to the petition setting up recognition was unnecessary. If the amendment had been essential, the court had discretion to permit it to be made at close of the evidence, and a contention that counsel for the defendants were misled by absence from the petition of allegations of illegitimacy and recognition, was given due consideration by the trial court.

The defendants complain of certain testimony given by the plaintiffs relating to recognition. The testimony was properly admitted, because that given by each one related to a subject in which he was not interested. Recognition of one did not establish right of the other to inherit. In *Shorten v. Judd,* 56 Kan. 43, 42 Pac. 337, the incompetent evidence of marriage was proof of legitimacy of offspring. Besides that, the evidence here complained of related to paternity, which was otherwise conclusively proved. Furthermore, counsel for defendants say the testimony was fabricated, and if that be true, of course the jury disregarded it.

The defendants were not entitled to have what might be good points in discussing the evidence before the jury, made the subject of special instructions by the court. The instructions given relating to consideration of the evidence by the jury were adequate and correct, and the instructions given were otherwise sufficient and sound.

The evidence of general and notorious recognition of the plaintiffs as his sons by James Holt, was ample to sustain the verdict.

The record is free from any error which requires the granting of a new trial, and the judgment of the district court is affirmed.