ALEXANDER ROMAN, Appellant, v. JULIANA LOBE, Respondent.— Motion for leave to appeal to the Court of Appeals granted. Present — Kelly, P. J., Manning, Kelby, Young and Kapper, JJ. Settle order on notice.

MARK ROTHKRUG, Appellant, v. ETHEL DAVIDSON ROTHKRUG, Respondent. (Appeals 1 and 2.) — Motion to dispense with printing of two records on appeal to the Court of Appeals dismissed. Present — Kelly, P. J., Manning, Kelby, Young and Kapper, JJ.

MARK ROTHKRUG, Appellant, v. ETHEL DAVIDSON ROTHKRUG, Respondent. (Appeal No. 1.) — Motion for leave to appeal to the Court of Appeals denied. Present — Kelly, P. J., Manning, Kelby, Young and Kapper, JJ.

MARK ROTHKRUG, Appellant, v. ETHEL DAVIDSON ROTHKRUG, Respondent. (Appeal No. 2.) — Motion for leave to appeal to the Court of Appeals denied. Present — Kelly, P. J., Manning, Kelby, Young and Kapper, JJ.

SEASIDE HOME FOR CRIPPLED CHILDREN, INC., Appellant, v. ATLANTIC BEACH ASSOCIATES, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Kelly, P. J., Manning, Kelby, Young and Kapper, JJ.

SAMUEL BERNSTEIN, Appellant, v. LAURA KAFKA and Others, Respondents.— Judgment and order dismissing complaint for failure to state a cause of action unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Kelby, Young and Kapper, JJ.

BIRD S. COLER, Commissioner of Public Welfare of the City of New York, on the Complaint of FRANCES ECKERT, Respondent, v. JOHN McTIGHE, Appellant.— Order of filiation of the Court of Special Sessions reversed on the law and the facts and a new trial ordered. The marriage of the complaining witness, prior to her alleged relations with the defendant, was competently established by her own testimony. (*Christy* v. *Clarke*, 45 Barb. 529.) Once established, the marital relation is presumed to continue, and a child born during its continuance is presumed to be legitimate, the presumption continuing until satisfactory proof to the contrary is shown. (*Caujolle* v. *Ferrié*, 23 N. Y. 90.) In the present case the presumption of legitimacy was strengthened by the statement, contained in the baptismal certificate, that the complainant's husband was the child's father, and by the complainant's testimony that she gave the name of her husband as its father. These presumptions of continuing marriage and consequent legitimacy were not overcome by the unsatisfactory evidence of divorce. And if the marriage status existed at the time of the complainant's alleged relations with the defendant, her testimony of non-access by the husband is also unsatisfactory. Where the legitimacy of a child is involved, non-access by the husband must be established by " irrefragable proof." (*Mayer* v. *Davis*, 122 App. Div. 393.) The child was born in December, 1923. The complainant did not testify directly to non-access, but she was allowed to testify that her husband was not in the borough of Brooklyn in 1923. This, even if allowable, was insufficient to establish non-access. Kelly, P. J., Manning, Kelby, Young and Kapper, JJ., concur.

FRANCIS DEAN, Appellant, v. EMILY HALLIBURTON, as Administratrix c. t. a., etc., of WILLIAM S. HALLIBURTON, Deceased, Respondent.— Order affirmed, with ten dollars costs and disbursements. This action was brought without permission of the court after the defendant Halliburton had been judicially declared incompetent by the court in North Carolina, and a committee of his property appointed