IDA D. DIETERICH, Petitioner, *v.* CHARLES DIETERICH, Respondent.

Domestic Relations Court of City of New York, Family Court, Kings County, March 7, 1935.

*Paul Windels, Corporation Counsel [Alice E. Trubin* of counsel], for the petitioner.

*John Santora,* for the respondent.

PANKEN, J. The petition alleges the failure to provide fair and reasonable support for an infant alleged to be the son of the

respondent. Were the infant the son of the respondent there would be no question but an order would be made by the court making provision for a reasonable support and maintenance of the child as a dependent. The paternity of the infant child has been put in issue by the respondent. The question to be passed upon by me is whether or not the child involved is the son of the petitioner and respondent.

In this proceeding the question has been raised as to whether the Domestic Relations Court has jurisdiction to try out the legitimacy of an infant dependent. The application herein is for reasonable maintenance and support of an infant dependent. The Domestic Relations Court Act provides in clear terms who is chargeable with the reasonable support of dependents. It follows as a necessary corollary that the court in order to require legal compliance with an order to reasonably maintain and support a dependent, must have the power to inquire as to whether or not the person sought to be charged to so maintain and support is in fact in such legal relationship to the dependent.

I conclude that where the legitimacy of a dependent is put in question it is within the power of this court to pass upon the question.

The parties were married on the 15th day of August, 1916. While the investigation report shows that there had been differences between the petitioner and respondent as early as 1917, they continued to live together until July 10, 1929. On the latter day the petitioner left her husband and on the same day commenced an action in the Supreme Court in the State of New York for a separation. In that action an application was made for alimony and counsel fee, which application was granted. The respondent paid the alimony allowed to the petitioner through her attorney.

The infant dependent was born on May 7, 1930, almost ten months after the petitioner left her husband.

The average period of human gestation, that is, the beginning of pregnancy to the maturity and the birth of the child when delivery should usually occur, is ten lunar months, or 280 days. It is conceivable that the period from intercourse to delivery may under certain circumstances be much longer. That has been scientifically demonstrated. The male seed may retain its vitality for some few days before fructifying the ovum or until such time, if the time is not too extended, the ovum is ripened to receive the male seed. And so, the period between intercourse and delivery may sometimes run in excess of 280 days. The period may be also increased by delayed birth.

The period between July tenth and May seventh of the succeeding year is 301 days. Under certain circumstances it is within the realm of possibility that the period between intercourse and delivery would extend to that length of time.

It has been the policy of the law to give legitimization to children born in wedlock and when access is not impossible. Issue during wedlock is presumed to be legitimate even though the wife is proved to have been at times guilty of infidelity. That presumption, however, in such an instance may be rebutted and upon probative evidence establishing the illegitimacy of the issue the presumption falls and the illegitimacy established.

The testimony, however, shows that the petitioner had upon her entry into the maternity hospital informed the receiving nurse that her last menstrual period occurred on the twenty-fifth of July of the preceding year. It would follow, therefore, that the conception must have occurred subsequent to the twenty-fifth of July of the preceding year. The petitioner testified that her husband had visited her during the latter part of the month of August and early in September. If there was intercourse between the petitioner and respondent in August, the legitimacy of the child should not and could not be questioned. That regardless as to whether or not she was guilty of infidelities during the same period. The presumption of legitimacy would hold despite that.

The respondent testified over objection that he had not had sexual intercourse with the petitioner during the months of August and September, 1929. That testimony is not considered by me in making my decision.

The proof in the case is that when the petitioner was admitted to the hospital for delivery of her child, she had given information to the receiving nurse. That information was to the effect that her name was Ida McGrath, that she had been married twice — once at the age of sixteen and then later on to the respondent herein from whom she claimed to have been divorced. There was no question of a possible proceeding, at that time, for reasonable maintenance and support of this child. The petitioner's admissions in May of 1930 are pertinent to the determination of the paternity of the infant dependent. That is equally true in so far as her answers to the questions in the preparation of the birth certificates. In the latter case she gave the name of the father of the infant born as James Patrick McGrath and his residence as 631 Bay Ridge avenue, Brooklyn; that was also the address which she gave as her residence when received into the hospital.

In an affidavit submitted in evidence she avers that she had had no sexual intercourse with the respondent for sometime prior

to July 10, 1929, and none after that. That averment is in conflict with her sworn testimony before me. The conclusion must follow that what she swore to in her affidavit submitted to the Supreme Court in the light of her statements to the receiving nurse of the hospital and to the doctor delivering her of her child, reflects the truth.

In the case of *Stillman* v. *Stillman* (240 N. Y. 268, 272) it was held that "A child born of a wife during marriage is presumptively legitimate."

The infant dependent herein was born during marriage, and it follows, therefore, that it is presumptively legitimate, notwithstanding the subsequent finding by the Supreme Court that petitioner was guilty of infidelity. But as Mr. Justice CARDOZO said in *Matter of Findlay* (253 N. Y., at p. 7), " The presumption of legitimacy will not bear so great a strain."

As in *Matter of Findlay*, so in this proceeding, the rule of legitimacy will not bear the strain as disclosed in the evidence.

At page 8 he says: " The presumption does not consecrate as truth the extravagantly improbable, which may be one, for ends juridical, with the indubitably false."

In *Matter of Findlay* (*supra*), Judge CARDOZO quoted from *Nolting* v. *Holt* (113 Kan. 495): " When all the ends which the presumption of legitimacy is designed to conserve have been defeated by sordid facts, the courts must deal with the situation in a common-sense way."

And with approval Judge CARDOZO quotes from the *Aylesford Peerage Case* (11 App. Cas. 1, 14): " Unless a case of this kind is to be dealt with otherwise than according to the ordinary rules of reason and of probability, I think the burden of proof would be rather on those who might suggest that they did meet again than on those who suggest the contrary."

Then Judge CARDOZO says: " There are breadths of human nature at which presumptions shrink and wither."

The presumption of legitimacy has been rebutted. The burden was not upon the petitioner. It was assumed by the respondent and abundantly sustained. My every inclination is to conserve to the infant dependent legitimacy. But the testimony submitted to me and the facts found by me make that wholly impossible despite what my sentiments dictate.

Upon the proof in the case, I can do nothing else but conclude that the respondent herein is not the father of the infant dependent and thus an order requiring him to make reasonable provision for the support and maintenance of the child cannot be made.

The petition is dismissed.