In the Matter of JACK KENNETH LENTZ, Charged with Willfully Failing and Neglecting to Provide for the Proper Maintenance of His Wife and Minor Child.

JACK KENNETH LENTZ (KENNETH R. LENTZ), Appellant; THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

Second Department, December 6, 1935.

*Isidore Scheinberg,* for the appellant.

*Fred J. Munder, Assistant District Attorney* [*L. Barron Hill, District Attorney,* with him on the brief], for the respondent.

DAVIS, J. Jack Kenneth Lentz, called the defendant in this proceeding, was married to Elizabeth Lentz on February 13, 1935. She was then about seventeen years of age and her husband twenty-four. A little less than two months after the marriage, on April 12, 1935, a child was born. The parties have never lived

together. In this proceeding, instituted on the complaint of the wife, it is charged that defendant has willfully failed and neglected to support his wife and child. It is undisputed that defendant has paid nothing for their support since the marriage, although he is earning more than twenty-five dollars per week.

Lentz does not deny that the complainant is his wife. He does, however, question the legitimacy of the child, and alleges that he is not its father. On the hearing all the evidence that he offered to establish the fact that he was not the father of the child was excluded, on the ground that the court had no jurisdiction to determine that question and apparently on the further ground that such question could be raised only in an action to annul the marriage.

As to the latter, the learned court fell into error. The question of legitimacy may be determined, under certain circumstances, in an action to annul a marriage (Civ. Prac. Act, § 1135), and under limited circumstances in an action for divorce. (Civ. Prac. Act, §§ 1154, 1157; *Stillman* v. *Stillman*, 240 N. Y. 268, 271, 272.) The question may also be raised in other types of litigation — in the Surrogate's Court to determine the right to inherit property (*Matter of Findlay*, 253 N. Y. 1; *Matter of Matthews*, 153 id. 443); in courts of equity where property interests are involved (*Patterson* v. *Gaines*, 6 How. [U. S.] 550); in the criminal courts where the issue is raised (*People* v. *Connell*, 151 App. Div. 943; *State* v. *Shaw*, 89 Vt. 121; 94 Atl. 434). In England, " Wherever, in any legal proceedings, the enforcement of a legal right, or the establishment of a claim to property, or to a dignity, depends upon the legitimacy of a particular person, the court, in determining the existence of the right or claim, will determine also the question of legitimacy." (2 Halsbury Laws of England, § 729.) The question may arise in a variety of instances, including the right to claim compensation for the death of the father, or in proceedings involving a claim for support made by a married woman. (Id. § 730.)

The Children's Court, like other inferior courts of similar nature with jurisdiction to determine the rights and the liabilities in respect to children and the family relations, has its origin in article VI, section 18, of the State Constitution, providing that the Legislature might establish Children's Courts as separate courts or as parts of existing courts and authorizing the Legislature to confer upon such courts " such jurisdiction as may be necessary for the * * * disposition of delinquent, neglected or dependent minors, and for the punishment and correction of adults responsible for or contributing to such delinquency, neglect or dependency, and to compel the support of a wife, child, or poor relative by persons

legally chargeable therewith who abandon or neglect to support any of them."

The Children's Court Act (Laws of 1922, chap. 547, as amd. by Laws of 1930, chap. 393) confers jurisdiction by section 6, subdivision 2, paragraph (a), " to inquire into, hear and determine the liability of any person who * * * willfully fails to provide for the proper maintenance of his wife or child, * * *; of any person charged with abandonment or non-support of a wife or child; of any parent of any child committed pursuant to any provision of law, or of any other person required by law to support or maintain such a child;" and in paragraph (b) it is provided that " the court may take evidence in any such hearing or proceeding and may render judgment thereon." Further, in paragraph (d), the court must give the respondent " a reasonable opportunity to appear."

By subdivision 8 of said section 6 the jurisdiction of the court is limited, as we read it, so that the judgment it renders is solely on the question of liability for support, and without effect on matrimonial actions or in determination as to property rights in the Supreme Court or Surrogate's Court.

The provisions of the Constitution and of the statute pertain to the liability of a husband and father to support his wife and child. The jurisdiction of the court to determine the relationship is, by the language used and of necessity, implied and inherent in both. It could not have been contemplated that any woman could bring a man into court and that her sworn allegation in the petition that he was her husband would foreclose him from disputing that fact, in his defense by proof of the non-existence of a matrimonial relation and, therefore, of no liability for her support. So it must be with a child. The court is not left without power to determine the question of fact simply because a woman comes into court and claims that she is the wife and that her child is the child of the man from whom she seeks support. The question of legal relationship is vital in such cases in determining liability.

So far as we can ascertain, the precise question of jurisdiction has not been determined in any court of this State, except that it was held in the Family Court of Kings county, under a similar statute (Laws of 1933, chap. 482), that the court had jurisdiction. We approve the reasoning and conclusion of Mr. Justice PANKEN in *Dieterich* v. *Dieterich* (154 Misc. 714). (See, also, *Dikeou* v. *People*, 95 Col. 537; 38 P. [2d] 772.)

If defendant is actually the father of the child, the marriage made this child legitimate; and, in view of the marriage, the child is presumptively his own despite formal denial. (Dom. Rel. Law,

§ 24; *Caujolle* v. *Ferrié*, 23 N. Y. 90; *Matter of Matthews, supra.*) Under the circumstances, a heavy burden of proof will be cast upon the defendant to establish the fact that the child is not his own. The presumption of legitimacy is one of the strongest and most persuasive known to the law, and may be overcome only by clear and convincing evidence. (*Hynes* v. *McDermott*, 91 N. Y. 451, 459; *Mayer* v. *Davis*, 119 App. Div. 96; S. C., rearg., 122 id. 393.) The presumption is subject to rebuttal by countervailing evidence through proof of non-access and other circumstances. (*Caujolle* v. *Ferrié, supra; Matter of Findlay, supra; Tracy* v. *Frey*, 95 App. Div. 579; *Pittsford* v. *Chittenden*, 58 Vt. 49; 3 A. 323; *Sergent* v. *North Cumberland Mfg. Co.*, 112 Ky. 888; 66 S. W. 1036; *Bullock* v. *Knox*, 96 Ala. 195; 11 So. 339.)

The order from which the appeal is taken did not separate into distinct items the allowance for the support of the wife and of the child; nor did the defendant ask that such items be separated. In view of the small amount awarded for such support, the earnings of defendant and his failure to make any provision for his wife during the term of their married life, we will let that amount stand as the proper allowance for the support of the wife to the date of the new hearing which will be ordered to determine the legitimacy of the child.

The defendant may now be entitled to the blood grouping test under the provisions of section 306-a of the Civil Practice Act, if he makes application to the Children's Court seasonably.

The order should be affirmed, without costs, and the proceeding reopened and remitted to the Children's Court to determine the legitimacy of the child in accordance with this opinion.

Present — LAZANSKY, P. J., CARSWELL, TOMPKINS, DAVIS and JOHNSTON, JJ.

Order of the Children's Court of Suffolk county requiring defendant to pay five dollars weekly for the support and maintenance of his wife and minor child unanimously affirmed, without costs, and the proceeding reopened and remitted to the Children's Court to determine the legitimacy of the child in accordance with opinion by DAVIS, J.