In the Matter of the Probate of the Will of ABRAHAM L. ERLANGER, Deceased.

MITCHELL L. ERLANGER et al., Appellants; CHARLOTTE F. ERLANGER, Respondent.

(Submitted December 16, 1935; decided January 8, 1936.)

*I. Gainsburg* and *Joseph P. Segal* for motion.

*Max D. Steuer* and *Mitchell Jelline* opposed.

LOUGHRAN, J.   The executors of the decedent ask leave to appeal directly to this court from a decree of the Surrogate's Court of New York county admitting his will to probate.   That decree was made in accordance with a petition of the executors and is not questioned by them. The sole object of their present application is to bring here for review an earlier order made in this probate proceeding in this form: " Ordered that the contestant herein, Charlotte Fixel Erlanger, is the surviving widow of the decedent herein, Abraham L. Erlanger."   That order was affirmed at the Appellate Division (243 App. Div. 754), where the executors were denied leave to appeal to this court (244 App. Div. 717).   We then declined to consider the record for want of finality in the determination so made (268 N. Y. 513).   (Cf. *Matter of Trowbridge,* 266 N. Y. 283.)

The present application may be dismissed as nugatory, but evident misunderstanding by the executors of their position in respect of the jurisdiction of this court invokes comment.

Objections to probate of the will of the decedent were filed by the contestant as his widow.   The executors moved to strike out the objections upon the ground that the contestant was not the widow of the decedent.   Thereupon the Surrogate made an order, the material provisions of which were: " That the issue whether or not the contestant was the wife and is now the widow of said decedent, and as such a person interested in the probate * * * of said paper writing, be tried before the Surrogate, without a jury, and before the trial of any of the other issues heretofore attempted to be raised by the contestant in said probate proceeding; and that decision

upon the proponents' application to strike out the objections of the contestant to the probate of the aforesaid paper writing as the last will and testament of said decedent be and the same is hereby reserved until after the determination of the trial of the preliminary issue hereinbefore ordered." On the trial so directed, the Surrogate made the order declaring the status of the contestant as widow of the decedent (145 Misc. Rep. 1), and, after affirmance by the Appellate Division, as we have said, the executors were refused leave to present that determination to this court for review.

Thereafter the Surrogate made an order denying the motion of the executors to strike out the objections of the contestant to probate of the will and the issues raised by those objections were regularly brought on for trial. The will was then probated by the decree now presented. Therein the antecedent proceedings are recapitulated and there follows a recital that the " objections of the said contestant, Charlotte Fixel Erlanger, having been withdrawn," an order had been made, " that the said objections be and thereby were withdrawn without prejudice to any and all rights which the said contestant now has or hereafter shall have in the estate of said decedent by virtue of the provisions of section 35 of the Decedent Estate Law as amended by chapter 293 of the Laws of 1919, and that the testimony herein be taken in the same manner as though no objections had been filed." Upon proofs submitted accordingly, probate was decreed by a direction in the usual form. (See Surr. Ct. Act, §§ 144, 151, 155.)

Upon the foregoing statement, it is clear that the decree admitting the will to probate has added nothing to the force or effect of the antecedent declaration that the contestant is the widow of the decedent. That decree established no more than the probate jurisdiction and the factum of the propounded paper as a valid testamentary instrument. For all that appears, the contestant has

still to request a determination by the Surrogate's Court of the validity or effect of her reserved right to take as surviving spouse an intestate share against the provisions of the probated will. This she must do by a new proceeding in which the parties will again be cited. (Surr. Ct. Act, § 145-a.) In that event, it may perhaps be that the issue of her status as surviving spouse will be ruled to be fixed beyond reagitation. (*Williams* v. *Barkley*, 165 N. Y. 48, 54. See 2 Freeman on the Law of Judgments [5th ed.], pp. 1401–1410.) Should that ruling be made, however, it will not follow, as the executors now suppose, that we cannot allow review in this court of an order which shall finally determine such an independent special proceeding. In saying this, we do not mean to imply that we have taken any notice of the merits of the controversy.

This motion should be denied, with ten dollars costs and necessary printing disbursements.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and FINCH, JJ., concur.

Motion denied, etc.