CATHERINE T. MILONE, Petitioner, *v.* JOSEPH MILONE, Respondent.

Domestic Relations Court of the City of New York, Family Court Division,
New York County, October 29, 1936.

*Paul Windels, Corporation Counsel [Alice Trubin* of counsel], for the petitioner.

*Sidney R. Siben,* for the respondent.

PANKEN, J.   Because the Domestic Relations Court of the City of New York is limited by statute, it has no power to award to a divorced wife maintenance or support from her erstwhile spouse.

The petition herein recites that the petitioner is the former wife of the respondent; that the petitioner and the respondent were married on the 11th day of February, 1927, in the city of New York, and that three children were born to them.   It is not questioned that the two older children are legitimate.   Neither of these two older children are with either of the parents.   They have been for

some time and now are charges of the New York Foundling Hospital. The petitioner asks for an order requiring the respondent to provide for the youngest child.

A decree of divorce was entered in the Supreme Court of the State of New York against the petitioner on or about the 13th day of August, 1935. The child for whom support is herein asked was born after the entry of the aforesaid decree.

Many witnesses were called in this proceeding and a considerable amount of testimony has been adduced. It appears from the evidence in the case that the decree of divorce aforesaid rests upon testimony with regard to the indiscretion or unfaithfulness on the part of the petitioner on April 26, 1935. The child for whom support is asked was born on the 5th day of October, 1935.

It has been medically established that the gestation period antedating the birth of a child is approximately 280 days. The court takes judicial notice of that scientific fact unless, as in rare instances it may happen, proof is submitted of a premature birth. No such claim is made nor has any proof controverting the scientific fact been adduced in this proceeding. It, therefore, must be resolved as a matter of fact that the adultery charged and found to have been committed by the petitioner occurred subsequent to the conception of the child for whom support is herein asked. The testimony, therefore, of the attorney for the respondent who took the stand and testified to the occurrence of April 26, 1935, has no probative value in so far as the determination of the legitimacy of the child. It was received by the court under the rule of law which permits an inquiry as to the general course of conduct by the petitioner. That testimony is not questioned by me. It, however, does not preclude a finding that the child was begotten by the respondent.

The testimony by some witnesses that the petitioner had been seen going to the barge some months prior to the one which was the basis for the proceeding for an absolute divorce, can only suggest the possibility of a relationship between the barge captain and the petitioner. It is not, however, proof upon which the court will be justified to deprive a child of the legitimacy which is presumed and results in its favor.

The courts have ever been loath to stamp a child born in wedlock as illegitimate. Only when it is proven beyond doubt that the parent sought to be charged with the responsibility for a child is not its father, the court will, as it should in justice, relieve such person from obligations that are founded in a child and parent relationship.

In the case of *Dieterich* v. *Dieterich* (154 Misc. 714) I held, in effect, that an infant dependent born during marriage is pre-

sumptively legitimate notwithstanding a subsequent finding by the Supreme Court that the mother was guilty of infidelity.

Judge Cardozo in *Matter of Findlay* (253 N. Y. 1) has held that the presumption of legitimacy will not bear too great a strain. That holding by Judge Cardozo did not take from children born during marriage the presumption of legitimacy. Only upon credible proof which if disregarded would strain the processes of reason and common sense, the presumption will not avail.

The presumption of legitimacy may be rebutted. But that can only be by proof to which no doubt can attach.

Counsel for the respondent refers me to the opinion in the case of *Dieterich* v. *Dieterich (supra)* and quotes therefrom in support of his contention that the court should not make an order in this case because the child in question is not the respondent's child. In *Dieterich* v. *Dieterich (supra)* the infant-dependent was born some ten months after the petitioner left her husband. It is true that in the case before me there is testimony that the separation between the respondent and the child's mother occurred some time in 1932, almost four years before the child was born; there is also proof that respondent and petitioner met from time to time and cohabited as man and wife during wedlock. Conception of the child may have occurred on any of those meetings between the petitioner and respondent.

The policy of the law from time immemorial has been to confer legitimacy to children born in wedlock when access was not impossible. In this proceeding, access was possible. There is testimony that there has been access. That access was before the decree of divorce was entered and long enough before that to justify a finding in view of the date of birth of the child that it is the offspring of the respondent. Surely, if the child was begotten by the respondent before the decree of divorce was entered, legitimacy is a lawful right of the child.

The reason for the rule of law which gives legitimacy to children where access is not impossible is obvious. The child should not be punished for the misconduct of either its mother or its father. If the mother was unfaithful but continued her conjugal relations with her lawful husband and the possibility is present for the lawful husband to be the father of the child, speculation as to whether the lawful husband or the paramour was the father of the child, resulting in a mark of illegitimacy to be stamped upon the child, would evidently be unjust to the child and contrary to public policy.

I find that the child is the legitimate offspring of the respondent and, hence, he is chargeable with the support of said child. It follows that an order be made in accordance with the means of the respondent to provide for the child. Order is herein made.