Marion Johnson, Respondent, v. Herbert Johnson, Appellant.— Action by plaintiff wife on a complaint in which she seeks a separation. The defendant interposed an answer in which he counterclaimed for an annulment upon the ground that at the time of the marriage alleged in the complaint plaintiff was still the wife of another. The defendant appeals from the judgment in favor of the plaintiff on the complaint and in favor of the plaintiff on the defendant's counterclaim. Judgment modified on the law and the facts by striking therefrom the first, second and fifth decretal paragraphs; and by adding paragraphs providing for (a) judgment for the defendant on the counterclaim, without costs, declaring the marriage of the parties void *ab initio;* (b) judgment dismissing the complaint, without costs; (c) a declaration that the child, Dolores, is the legitimate child of the parties to the action. As thus modified, the judg-

ment is unanimously affirmed, without costs. Findings of fact and conclusions of law are reversed, except the findings and conclusions with respect to custody, visitation, and awards for support, etc., which are affirmed. This court adopts the defendant's proposed findings, and finds accordingly. The court concludes that the marriage of the parties hereto was and is void, under section 6 of the Domestic Relations Law; that it should be declared void *ab initio;* that the complaint should be dismissed, without costs; that the child Dolores is the legitimate child of the parties hereto, and that defendant is entitled to judgment on the counterclaim, without costs. Except in certain cases, not material here, a marriage is void, as distinguished from voidable, when it is contracted by a person whose former spouse is living. (Domestic Relations Law, § 6.) Respondent's evidence to the effect that a marriage in 1927 was not intended, states a mere conclusion, and does not overcome the proved prima facie validity of that marriage. The proof requires that the issue of the parties be declared their legitimate child and that the defendant be required to maintain and support the plaintiff and the child. (Civ. Prac. Act, §§ 1135, 1140, 1140-a.) Lewis, P. J., Carswell, Johnston and Adel, JJ., concur; Nolan, J., concurs in result.