In the Matter of Saratoga County Commissioner of Public Welfare, Petitioner, against '' Willard Waters '', Respondent.█

Children's Court, Saratoga County, June 22, 1954.

*John W. Nichols, County Attorney (James J. McNaughton* of counsel), for petitioner.

*Joseph E. Rosch* for respondent.

SHERMAN, J. Filiation proceedings were instituted by the Commissioner of Public Welfare upon complaint of the mother of a child born December 27, 1953. The complainant, a married woman, allegedly separated from her husband, was visited by her husband at her home during the months of February, March and April, 1953, according to the testimony of neighbors residing in the vicinity of the complainant's home. The testimony of the complainant was that she had intercourse with the respondent for over two years prior to the birth of the child.

The respondent contends that the infant child born to the complainant is not illegitimate for the reason that the husband and wife were living apart under conditions where there was a fair basis for the belief that they may have come together.

The court will not adjudge the respondent to be the father of the child unless the proof measures up to the standard required by law. (*Commissioner of Public Welfare of City of New York [Gentile] v. Rosato,* 256 App. Div. 978.)

The standard is not that in civil actions nor is the standard as rigorous as that in criminal proceedings. The evidence must be entirely satisfactory. (*Matter of Cote v. Longley,* 241 App. Div. 539.)

An order of filiation will not be granted unless the complainant sustains the burden of proof which goes beyond a mere preponderance of the evidence to the point of entire satisfaction.

The decisions now permit the respondent to offer testimony of access by others. (*Commissioner of Public Welfare of City of New York [Martinez] v. Torres* 263 App. Div. 19.)

Here we have testimony undenied as to the fact that the husband was living in the vicinity and had been seen approaching and entering the complainant's home. The presumption of legitimacy is one of the strongest known to the law. (*Matter of Findlay* 253 N. Y. 1.)

There is no denial by the respondent, except by the pleadings; and there is an admission made by respondent to a third person to the effect that he had had intercourse with the com-

plainant. Under ordinary circumstances, there would probably be enough here to justify the court in making the usual order of filiation.

But in such a situation the court must heed the inflexible rule applied in such cases as *Coler* v. *McTighe* (213 App. Div. 831), which forbids such a finding unless non-access by the legitimate husband is established by proof so logical and so convincing that there would be no room for doubt.

The late LAWRENCE B. McKELVEY, Saratoga County Judge, in a similar case, dismissed the proceeding, holding that " the protection of the child from the stamp of illegitimacy is of far greater moment ".

The courts have ever been loath to stamp a child born in wedlock as illegitimate. (*Milone* v. *Milone* 160 Misc. 830.)

In *Punzi* v. *Punzi* (191 Misc. 36, affd. 275 App. Div. 766), the intent of section 119 of the Domestic Relations Law is discussed and applied. (See, also, *Commissioner of Public Welfare of City of N. Y.* v. *Koehler*, 284 N. Y. 260.)

There is nothing to respondent's contention as to the alleged admission by the respondent to a third party, although it might be the better practice to offer the testimony as a part of the commissioner's case or offer the testimony in rebuttal assuming the respondent offers testimony in denial.

The crux of the question is whether the respondent, in response to a hearsay statement, made an admission or a denial. If the statement was denied, it is inadmissible; if admitted, it is admissible. However, an admission or acknowledgment by the respondent, either oral or in writing, although admissible, is not sufficient without additional and independent proof.

The proceeding is dismissed.