Robert W. Sloan, J.
The Commissioner of Public Welfare, Cortland County, has instituted this proceeding under article III-A of the Children’s Court Act, to compel the respondent to support his minor child. It now appears that the child is one born out of lawful wedlock and that the respondent was adjudged to be its father and ordered to make payments into court, to be disbursed to the Department of Public Welfare, Onondaga County, by an order of the Children’s Court, Onondaga County, dated February 25,1960. A-pparently the mother and child have since moved to Cortland County and its Welfare Department is providing for their needs. It also appears that the respondent is a resident of this county and is not complying with the order of filiation. The facts above stated raise the question whether this court may entertain jurisdiction of this proceeding. Except where the concern is that of legitimacy (Civ. Prac. Act, § 1135 ; Matter of Lentz, 247 App. Div. 31; Bracy v. Bracy, 167 Misc. 253), article VIII of the Domestic Relations Law (§§ 119-139) provides the only method by which the paternity of a child born out of lawful wedlock may be established and provision made for its support and education by the natural father (Wynder v. Daniels, 72 N. Y. S. 2d 314 ; Matter of Bancroft, 195 Misc. 208 ; Dieterich v. Dieterich, 154 Misc. 714 ; Hough v. Light, 275 App. Div. 299 ; People v. Polep, 233 App. Div. 450 ; Matter of *643 Anonymous v. Anonymous, 20 Misc 2d 131). Jurisdiction is conferred on the Children’s Court (Domestic Relations Law, § 122, subd. 3; Children’s Court Act, § 6, subd. 3) which, if a finding be made against the defendant, shall make an order for the support and education of the child which shall specify the sum to be paid weekly by the father (Domestic Relations Law, § 127) and the court granting the order shall have continuing jurisdiction over the proceedings (Domestic Relations Law, § 131), until the judgment of the court has been completely satisfied. The fact that the parties to this proceeding have moved to Cortland County does not divest the Onondaga County Children’s Court of jurisdiction over the proceeding (Commissioner of Public Welfare ex rel. Stuart v. Chandler, 123 Misc. 201 ; Fite v. Miller, 280 App. Div. 12).
The Children’s Court Act, providing for support proceedings, states that a husband is chargeable with the support of his wife and minor children (Children’s Court Act, § 31). The section then deals with the possible alternative responsibility of the mother, grandparents or stepparent, all of which terms presuppose family relationships established by marriage. The term “minor children ” must be construed in accordance with the rule that the word ‘ ‘ children ’ when used in a statute, will, or deed, means legitimate children. Accordingly, this court may not exercise jurisdiction, in a support proceeding, to compel maintenance of a child born out of wedlock by its father when, as here, the question of legitimacy is not involved (Bell v. Terry & Tench Co., 177 App. Div. 123 ; Matter of Cady, 257 App. Div. 129, affd. 281 N. Y. 688 ; “ Castellani” v. “ Castellani”, 176 Misc. 763, affd. sub nom. Capaldo v. Capaldo, 263 App. Div. 984 ; “ Anonymous ” v. “ Anonymous ”, 174 Misc. 906 ; Matter of Lentz, 247 App. Div. 31 ; Dieterich v. Dieterich, 154 Misc. 714 ; Bracy v. Bracy, 167 Misc. 253 ; Children’s Court Act, § 30-a, subd. 23).
The respondent appears in this proceeding without counsel and has not raised the questions herein discussed. I cannot subscribe to the suggestion made in “ Park ” v. “ Park ” (186 Misc. 249), that this failure to raise the question of the child’s status is sufficient to confer jurisdiction. This is a court of limited jurisdiction, and jurisdiction of the subject matter of this proceeding may not be conferred upon it by uninformed waiver or by consent (Matter of Hoff, 251 App. Div. 862). The proceeding is dismissed.