Pierson B. Hildreth, S.
In this probate proceeding there are three matters for determination. First is the matter of the probate of the will itself; second is an application by one of the parties to strike out a notice of appearance by decedent’s alleged wife and to dismiss the special guardian appointed by the court to represent an alleged infant daughter of decedent; third is an application made in behalf of decedent’s alleged infant daughter by her general guardian and special guardian for a determination as to the validity, construction and effect of the disposition of property under decedent’s will upon her rights as an after-born child for whom no provision was made by the will, and for a determination of her rights under the provisions of section 26 of the Decedent Estate Law.
The petition for probate was filed July 5, 1959. However, probate of the will has been held in abeyance because of litigation concerning the questions presented, and the estate has been under administration by a temporary administrator.
The issues here are presented by the petition for probate, an answer filed by decedent’s son, and the reply to such answer filed by decedent’s alleged wife and alleged daughter. Upon the *615 hearing the attorneys stipulated as to certain facts and documents, as well as to certain testimony, on the basis of which the issues were submitted to the court for determination.
The petition for probate names three individuals as decedent’s distributees who are respectively described as his son, his infant daughter and his wife. The will was dated December 20,1952, and makes no provision for either the wife or daughter. Decedent and his alleged surviving wife were married in New York by ceremonial marriage on February 10,1959. The daughter was born April 30, 1959. It is conceded that the parents of this infant daughter are decedent and his alleged wife.
Decedent married three times. The first marriage was in 1926, and terminated with a decree of divorce of the Supreme Court, Nassau County, New York, dated September 28, 1936. Decedent was defendant in the divorce action and the divorce decree contained the usual provision by which the defendant was prohibited from remarrying without permission of the court. The only issue of this marriage was one son. The first wife remarried and is still living. Decedent’s second marriage occurred on June 26, 1937, in New Jersey, and ended with the death of his second wife on September 12, 1950. There was no issue of this marriage. Decedent’s third marriage occurred as above stated, on February 10, 1959. The only issue of this last marriage was the one daughter named in the petition for probate, but not mentioned in the will.
As to the will itself, no objections to probate were or have been filed by anyone, and the time to do so, as to all parties, has long expired. There is no issue concerning the validity of the will as a testamentary document. The usual depositions of witnesses to the will have been filed, the court is satisfied from the proofs that it should be admitted to probate, and it is ready for decree.
With respect to the application to strike the notice of appearance by the alleged wife and to dismiss the special guardian appointed for the infant daughter, decedent’s son alleges and contends that the marriage made by decedent February 10, 1959 was invalid on the ground that, at the time of the last marriage, the prohibition against remarriage contained in the decree of divorce was still in effect against decedent. Hence, it is asserted that such respondents have no interest in this probate proceeding.
In the opinion of this court, it was proper and necessary for the proponent to make decedent’s third wife and his daughter parties to this proceeding so that the decree of probate would be binding upon them insofar as the validity of the will as a *616 testamentary document is concerned. At the time of decedent’s death, his wife by the 1959 ceremonial marriage was presumptively, if not in fact, his lawful surviving wife. His daughter was presumptively, if not in fact, his lawful issue and a child of the marriage. The designation and appointment of a special guardian to assert and protect the rights of the infant daughter in the probate proceeding was necessary and proper. The determination of the validity of the will, in the absence of objections to its probate, does not necessarily involve or depend upon the status of either of them. Neither a decree of probate nor the designation of the wife and daughter as such in the petition establishes the status of either one of them unless such status is materially in issue in the proceeding. (See Matter of Erlanger, 269 N. Y. 458.)
Accordingly, the application to strike the appearances of decedent’s alleged wife and decedent’s alleged daughter and to dismiss the special guardian must be and hereby is denied and dismissed.
Next to consider is the application for a determination as to the validity, construction or disposition of the property by the will upon the rights of the child under section 26 of the Decedent Estate Law. Such determination may be made in this probate proceeding. (Matter of Dick, 117 Misc. 635; Matter of Hume, 139 Misc. 327.)
In this case, the fact of the father’s marriage to the infant’s mother is established. It was a ceremonial marriage. The infant admittedly is the child of the parties born after their marriage. This brings into existence each of two true presumptions of law, the presumption of legitimacy and the presumption of validity of the marriage. If the infant here is the legitimate child of her father then she is entitled to share in her father’s estate because she was born subsequent to the date of his will which left her unprovided for.
The child is an innocent party, the marriage was never in issue in litigation between the parents in their lifetime. The issue now arises between children of the same father, one of Ms first marriage and the other of Ms last marriage as to their property rights in Ms estate. The marital status of decedent and his wife remained unquestioned by either of them or anyone else including the son of the first marriage during decedent’s lifetime.
The presumption of legitimacy is one of the strongest presumptions known to the law. Its effect is to place a very heavy burden of proof on the one challenging legitimacy, even to the extent of proof of negative facts. (Matter of Matthews, 153 *617 N. Y. 443; Matter of Findlay, 253 N. Y. 1; Matter of Biersack, 96 Misc. 161, affd. 179 App. Div. 916; Matter of Sokoloff, 166 Misc. 403 [1938]; Matter of Foote, 5 Misc 2d 58.) A ceremonial marriage being shown there is likewise an equally strong presumption that it is valid. The burden of proof to show otherwise is on the party attacking the marriage.
To overcome the presumptions the one attacking must show by most convincing evidence that facts existed at the time of the marriage under attack which prevented its validity. Otherwise the presumption of validity prevails, and is sufficient for a determination of legitimacy. (Hynes v. McDermott, 91 N. Y. 451; Matter of Callahan, 262 N. Y. 524; Matter of Dugro, 261 App. Div. 236, affd. 287 N. Y. 595; Barker v. Barker, 92 Misc. 390, mod. 172 App. Div. 244; Matter of Lents, 247 App. Div. 31.) More than what might be termed substantial contrary evidence is required in order to overcome the presumption. (Richardson, Evidence [8th ed.], § 57.) In Matter of Findlay (253 N. Y. 1, 8), it is stated 1 ‘ that the presumption will not fail unless common sense and reason are outraged by a holding that it abides. ’ ’ The party asserting illegitimacy must disprove every reasonable possibility of legitimacy by credible evidence, not by presumptions, even if this requires proof of a negative. (Matter of Sokoloff, supra; Matter of Smith, 136 Misc. 863; Matter of Meehan, 150 App. Div. 681; Appelbaum v. Appelbaum, 9 Misc 2d 677.)
Although the presumption may be overcome it is not overcome as the outcome of a choice between nicely balanced probabilities nor overthrown ‘ ‘ through inferences nicely poised ’ ’ (Matter of Findlay, supra, pp. 8,12).
In this case although in the absence of a modification of the former decree of divorce permitting decedent to remarry, he would be incompetent to contract a valid marriage in New York during the life of his former wife (Merrick v. Merrick, 266 N. Y. 120), yet the absence of such modification and all other factors which might or did permit such remarriage to be valid and the child to have the legitimate status which the presumption gave it, must be affirmatively shown by convincing, conclusive evidence. To overcome the presumption, the party attacking legitimacy and validity of the marriage was required to show by affirmative proof that no reasonable possibility or probability existed that the marriage was valid, or that the child Avas legitimate.
Some testimony, the Aveight and credibility of Avhich must be considered Avith other facts, is given that from January 1, 1954 and until decedent’s death, his third wife remained in NeAV York *618 State. This testimony is intended- to negative the possibility that during such period decedent and his third wife may have entered into a valid marriage outside the State of New York, which the prohibition against remarriage did not prevent. Neither the testimony nor any other proof excludes the possibility that decedent and his wife entered into a valid marriage outside of New York between the date of the death of decedent’s second wife and the ceremonial marriage which occurred February 10,1959.
The statutory prohibition against remarriage has been held to be in the nature of a penal provision having no extraterritorial effect. (Fisher v. Fisher, 250 N. Y. 313.) Among other things, in order to overcome the presumption of validity of the marriage and the legitimacy of the child it was required to be proven that the prohibition was in fact in force at the time of the ceremonial marriage or any other valid marriage to the third wife which could have occurred after the death of the second wife. The evidence offered to show that the prohibition was in force was stipulated testimony to the effect that the Clerk of the court in which the divorce decree was entered would testify that no order of the court was on file showing that the prohibition has been removed. From this there may justly arise an inference that no order removing the prohibition was obtained because usual procedure would be to file the order. But the possibility that the prohibition was removed at some time since 1936 and an order not filed or which cannot be found is not such an unreal possibility that 11 common sense and decency ’ ’ would be outraged, and thus it does not seem to this court that such proof and inference suffices to overcome the presumption of legitimacy and validity of marriage. There is lacking satisfactory proof of validity of decedent’s first marriage, and the court is asked to assume that the parties to it were able to contract a valid marriage because it subsequently ended in divorce.
Where the impediment to a valid marriage is alleged to consist of a once existing prior marriage, the presumptions of legitimacy and of validity of the subsequent ceremonial marriage are stronger and suffice to overcome any presumption that the first marriage continued to exist as a bar to validity of the subsequent marriage. (Barker v. Barker, 92 Misc. 390, mod. 172 App. Div. 244.) Such presumption prevails even though there is no proof of termination of the first marriage. (Matter of Dugro, 261 App. Div. 236, affd. 287 N. Y. 595; Matter of Bier sack, 96 Misc. 161, affd. 179 App. Div. 916.) Since the presumption prevails in such situations, it would seem to prevail even more strongly over any presumption that there continued *619 to exist and be in effect a statutory bar to remarriage arising from an earlier marriage which had in fact been completely terminated. (Goodwin v. Goodwin, 158 App. Div. 171.) Upon consideration of the proofs submitted the court does not feel that the presumption of legitimacy and of validity of the marriage have been overcome. Accordingly, the child is declared to be the legitimate issue of decedent, entitled to share in his estate to the extent it would in case of intestacy under the provisions of section 26 of the Decedent Estate Law.
On this same question of legitimacy another phase has been strongly argued by the parties which the court feels requires consideration. On the one hand it is urged that if it were determined that the marriage was a nullity, the court should then decide that the child was legitimate as to its father by virtue of the provisions of subdivision 7 of section 1135 of the Civil Practice Act. On the other hand it is argued that the court lacks power to do so on the ground that such power can only be exercised in an action between the parties.
Section 1135 sets forth provisions which govern the effect of declaring a marriage void or annulling a voidable marriage upon the legitimacy of children of the marriage. This present case is not one where the nullity of the marriage would be caused by a former marriage being in force (§ 1135, subd. 6), but would fall within subdivision 7 providing “ If a marriage be declared a nullity or annulled for any cause or under any conditions other than those specified in the foregoing subdivision, the court by the judgment may decide that a child of the marriage is the legitimate child of either or both of its parents.” The statute refers both to a marriage annulled which would be in an action between the parties during their lifetime, and declared a nullity which adjudication frequently occurs after death of one of the parties.
The decision in Johnson v. Johnson (270 App. Div. 811, affd. 295 N. Y. 477) holds that in a case where the second marriage was void because a prior marriage was in force the court could decide that a child of the marriage was legitimate of the party incompetent to contract the second marriage. Thus legitimacy may be decided even though the marriage is void in an action between the parties. The same principle would seem to apply where a subsequent marriage might be a nullity because one party was under incapacity to contract due to the statutory prohibition against remarriage although the former marriage itself was no longer in force. If the marriage in this case were void, the husband in his lifetime could have brought suit to annul it, notwithstanding that he falsely stated in the marriage *620 application for Ms last marriage that it was his second marriage and that he had not been divorced. (Landsman v. Landsman, 302 N. Y. 45.) Equitable considerations might however be considered by the court in determining Ms rights regardless of whether the marriage was void or voidable. (Presbrey v. Presbrey, 6 A D 2d 477.)
The Johnson case shows that legitimacy does not necessarily depend upon the existence of a valid marriage, and that the court may decide and grant legitimate status to a child of the marriage in a situation falling within the provisions of section 1135 of the Civil Practice Act. The court may not do so if the child is not ‘ ‘ of the marriage ’ ’, and a void or voidable marriage does not itself legitimatize children under section 24 of the Domestic Relations Law. (Matter of Moncrief, 235 N. Y. 390; People eco rel. Meredith v. Meredith, 272 App. Div. 79, affd. 297 N. Y. 692.)
Under the facts of this case the mother at least was fully competent to contract marriage and did so in good faith. The child was born while the mother was married to the father. In such situation the child is considered as born in wedlock. (“ Saks ” v. “ Saks ”, 189 Misc. 667; Milone v. Milone, 160 Misc. 830; Matter of Lentz, 247 App. Div. 31; Matter of Lane v. Eno, 277 App. Div. 324.) It seems to this court that the case is one where in an action between the parents in their lifetime the court would be warranted to decide that the child should be deemed legitimate as to both parents under subdivision 7 of section 1135 of the Civil Practice Act.
Has a court in which the question of legitimacy and validity of marriage arises after the death of one or both parents the power to make a similar adjudication 1 The authorities seem to be in conflict. That such power exists only in an action between the parties has been indicated (see Matter of Crook, 140 Misc. 721; Anonymous v. Anonymous, 174 Misc. 906). Other cases indicate that a court other than one in which an action between the parties arises may decide that a child of the marriage is legitimate where the issue of validity of the marriage arises in a matter of which the court has jurisdiction and the marriage is found to be a nullity. (Barker v. Barker, 92 Misc. 390, mod. 172 App. Div. 244 [legitimacy determined in a partition action although one parent deceased]; Matter of Grossman, 139 Misc. 646; Matter of Lentz, 247 App. Div. 31; Bracy v. Bracy, 167 Misc. 253.)
Several cases in the Federal courts have held that under section 1135 a court declaring a marriage a nullity after death of a parent, may also decide that children of the marriage should be *621 deemed legitimate (Bloch v. Ewing, 105 F. Supp. 25; Magner v. Hobby, 215 F. 2d 190; Atwater v. Ewing, 86 F. Supp. 47; Polotti v. Flemming, 277 F. 2d 864).
That section 1135 has for one of its purposes the protection of children, and that a child has an interest enabling it to obtain a decision of legitimacy which will survive the death of a parent is shown by Hiser v. Davis (234 N. Y. 300). There an annulment decree was reopened after death of a father, and the child permitted to apply for insertion of a provision declaring legitimacy as to the father. Though the court expressed doubt that such relief could then be granted in a court other than the one having jurisdiction of the original action, it did not expressly deny the power to another court. The court did, however, clearly state the purpose of the statute to protect and save children from the brand of illegitimacy. The later cases cited indicate to this court that section 1135 is not limited to the court entertaining an original action between the parties. The Surrogate’s Court must pass upon the validity of marriages and decide legitimacy frequently in order to determine the rights of parties interested in estates. Section 40 of the Surrogate’s Court Act grants power to determine such questions. Otherwise, legitimacy in many instances would depend on the happenstance that a child’s parents litigated their marital status during life to the prejudice of the child of parents who assumed the validity of their marital status during life.
Thus, if the marriage in this case were regarded as a nullity, the facts of the situation are regarded as supporting a decision that the child is a child of the marriage and is to be deemed legitimate under subdivision 7 of section 1135 of the Civil Practice Act as to both the father and mother, and entitled to share in decedent’s estate as though decedent had died intestate. Submit decree on notice admitting will to probate and determining rights of the child in conformity herewith.