■ · In the Matter of the Claim of FRANCES INKPEN, Respondent, v. LEHIGH CONSTRUCTION CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant's right to an award of compensation as the widow of the decedent employee depends on the validity of a Mexican divorce obtained by the decedent against his first wife. This is not an attack upon the validity of the divorce by the first wife claiming compensation; it is an attack by the employer and insurance carriers, strangers to the marital relation. After the Mexican court had granted the divorce, the decedent and this claimant married in Connecticut in a ceremonial marriage before a judicial officer. A presumption of regularity attaches to this marriage, and a party attacking it has the burden of proving its invalidity. No such proof was offered by appellants in this case. They offered merely the judgment of the Mexican court. On its face this judgment recites the jurisdiction of the court; the manner in which it obtained jurisdiction; and the relief it granted. No proof suggestive of invalidity has been offered by the appellants. Under the usual rules of comity, judgments of foreign nations are recognized unless there is some defect of jurisdiction shown to be against the public policy of the domestic State. It is neither shown that the decedent was not a resident of Mexico when he sued his wife for divorce nor that his former wife was not a resident of Mexico at that time. The place of service of process on a party is certainly not controlling on his actual place of residence. Nor has it been shown that Connecticut did not recognize the divorce in allowing the marriage between the decedent and the claimant to be solemnized. No ground has been shown to defeat claimant's rights. Award unanimously affirmed, with costs to the Workmen's Compensation Board.