■ In the Matter of the Claim of MARGARET ESMOND, Respondent, v. THOMAS LYONS BAR & GRILL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board awarding claimant death benefits. On May 26, 1964 decedent was shot and killed in a holdup of his employer's bar in New York City, while he concededly was in the course of his employment as a bartender. The sole issue here is whether claimant was legally married to decedent and is, therefore, entitled to death benefits as his widow. The record reveals that on July 6, 1934, claimant was married to one George Bardush with whom she lived, however, for only six months. After they separated in January, 1935, she obtained a Mexican divorce from the absent Bardush who was not personally served (service being by publication) and who concededly did not consent to the jurisdiction in Mexico. Claimant, however, went to Mexico herself for the divorce and the divorce decree recites the jurisdiction of the Mexican Court. Thereafter, claimant married decedent in New Jersey, informing the marriage officials of the Mexican divorce, and this relationship subsisted until decedent's death. Although claimant testified she lived with a sister in New Jersey at the time of this marriage, her application for the license lists New York City as her residence. The board on the basis of the above facts found a valid ceremonial marriage and no proof of the invalidity thereof. Appellants urge that the marriage between claimant and decedent was invalid because of the invalidity of the Mexican divorce decree. As strangers to a marital relationship sanctioned by a ceremonial marriage before a judicial officer of a sister State, appellants must sustain a heavy burden of proof to establish its invalidity (*Matter of Inkpen* v. *Lehigh Constr. Co.*, 12 A D 2d 692, mot. for lv. to app. den. 9 N Y 2d 609). An extremely strong presumption of validity arises from such a ceremonial marriage which is overcome only by overwhelming proof to the contrary (see *Matter of Newins*, 29 Misc 2d 614, affd. 16 A D 2d 436, affd. 12 N Y 2d 824; *Matter of Findlay*, 253 N. Y. 1, 8). Furthermore, when the asserted invalidity of a second marriage inheres in the alleged impediment of the continued vitality of the first marriage, an even stronger presumption arises in favor of the validity of the second marriage — a presumption made yet stronger by children of the second marriage and continued cohabitation for a lengthy period as is the case in the present situation. As was stated by this court in *Matter of Masocco* v. *Schaaf* (234 App. Div. 181, 183): " The law presumes morality and not immorality; marriage and not concubinage; legitimacy and not bastardy. Where there is enough to create a foundation for the presumption of marriage, it can be repelled only by the most cogent and satisfactory evidence. * * * The cohabitation, apparently decent and orderly, of two persons opposite in sex,

raises a presumption of more or less strength that they have been duly married." This presumption in fact may only be negated by disproving every reasonable possibility which would vitiate the marriage relationship (see *Matter of Newins, supra; Matter of Dugro,* 261 App. Div. 236, affd. 287 N. Y. 595; *Romps* v. *Romps,* 209 App. Div. 832; *Matter of Tompkins,* 207 App. Div. 166; *Price* v. *Tompkins,* 108 Misc. 263, affd. 190 App. Div. 967). The fact that to achieve this requires proof of negatives is not necessarily controlling (*Johannessen* v. *Johannessen,* 70 Misc. 361). Here even assuming that appellants have established that claimant's Mexican divorce was invalid under applicable New Jersey Law (*Warrender* v. *Warrender,* 79 N. J. Super. 114, affd. 42 N. J. 287), this alone is not sufficient to overcome the presumption of validity. Bardush may well have died before claimant's second marriage or himself have obtained a valid divorce from claimant in a sister State prior to claimant's second marriage. Indeed, he may even have been a domiciliary of Mexico which might well validate the Mexican divorce. Numerous other reasonable possibilities exist — none of which have been negated by appellants. To say that such proof is impossible to produce merely explains the law's strong policy against such collateral attacks on the marital status. The board could thus properly find that appellants have not borne their burden of proof (see *Matter of Inkpen, supra; Matter of Best* v. *L. J. F. Corp.,* 20 A D 2d 743). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy and Staley, Jr., JJ., concur; Taylor, J., not voting.