In the Matter of the Claim of JEAN SANTORELLA, Respondent, v. MASSAPEQUA SCHOOL DISTRICT NO. 23 et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by an employer and its insurance carrier from a decision of the Workmen's Compensation Board which awarded death benefits to respondent claimant, found by the board to be decedent's widow; the sole issue arising upon appellants' contention that the Mexican divorce obtained by claimant in 1944 against her then husband, who was in prison and was served by publication, was void, as was, on that account, her subsequent ceremonial marriage to decedent, with whom she cohabited from that time until his death 18 years later. The marriage was solemnized in Connecticut by a judicial officer pursuant to a license issued, after disclosure of the Mexican divorce, by the appropriate official, who certified that the "parties have complied with the laws of Connecticut relating to a marriage license, and any person authorized to celebrate marriage may join [them] in marriage". Despite the heavy burden cast upon them to prove that no valid marriage subsisted at the time of decedent's death, appellants advanced only a tenuous inference to attack the judgment of 'divorce and no additional proof of any nature to overcome the strong presumptions as to the validity of the ceremonial marriage, the conclusiveness of the Connecticut certification thereof and the lawful nature of the relationship that followed it. Consequently, no basis exists for disturbing the board's findings "that a presumption of regularity attaches to the claimant-widow's ceremonial marriage to decedent in Connecticut, and that the carrier has not sustained its burden of establishing the invalidity of the divorce and the presumption in favor of claimant-widow's marriage to decedent". We find directly in point our decisions in *Matter of Inkpen* v. *Lehigh Constr. Co.* (12 A D 2d 692, mot. for lv. to app. den. 9 N Y 2d 609) and *Matter of Esmond* v. *Lyons Bar & Grill* (26 A D 2d 884). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.