Frederick B. Bryant, J.
This is an action brought by the plaintiff to have his purported marriage to the defendant declared null and void pursuant to section 5 of the Hindu Marriage Act (Act. No. 25 of the Laws of India, 1955).
The complaint alleges that the purported marriage took place in Allahabad, India, on January 19,1964 when both parties were residents of India. The plaintiff asserts that he is now and has been for more than two years prior to the commencement of this action a resident of the State of New York. The complaint and the evidence submitted show that the marriage was arranged by the respective parents of the plaintiff and the defendant without the consent of either of the parties and that certain ceremonies and rites customary and essential in marriages performed according to the Hindu Marriage Act were not observed. The plaintiff asserts that because of this the purported marriage was a nullity. These ceremonies include the invocation before the sacred fire and the “ saptapadi” — that is, the taking of seven steps by the bride and bridegroom before the sacred fire. The plaintiff alleges that the defendant refused to participate in these two rites and that the purported marriage was never consummated. The parties have never lived together as husband and wife.
Service of the summons in the action by personal service upon the defendant in India is shown by affidavit in accordance with section 232 of the Domestic Relations Law. The plaintiff appeared and testified before the court together with a co-operating witness and the proof required by section 144 of the Domestic Relations Law has been completed. The defendant has not appeared in the action nor answered the complaint. The court finds that it has jurisdiction of the subject matter of the action by reason of the plaintiff’s uncontested allegation of residence in the State required by subdivision 5 of section 230 of the Domestic Relations Law.
Section 7 of the Hindu Marriage Act of 1955 reads as follows:
“ Ceremonies for a Hindu marriage: (1) A Hindu marriage may be solemnized in accordance with the customary rites and ceremonies of either party thereto.
“ (2) Where such rites and ceremonies include the Saptapadi (that is, the taking of seven steps by the bridegroom and the bride jointly before the sacred fire), the marriage becomes complete and binding when the seventh step is taken. ’ ’
The meaning and effect of the quoted section is the principal question before this court. Plainly, where the customary ceremonies of either party to the marriage include the saptapadi *880 the marriage is complete when the saptapadi is performed. But when the saptapadi is not performed the question arises as to whether the marriage is thereby invalid. Numerous Indian authorities on this point have been studied, including “ The Hindu Marriage Act of 1955 ” by D. H. Chandhari; “Hindu Law of Marriage ” by S. V. Grupte; “ Indian Law of Marriage and Divorce ” by Kumaid Desai; “ The Hindu Marriage Act ” by P. V. Deolalkar; ‘1 The Hindu Marriage Act ’ ’ by Kashi Prasad; “ The Hindu Marriage Act ” by P. S. B. Bendra; “ The Hindu Code ” by Shiva Copal; “ The Hindu Law and Usage ” by Nirmal Kumar Roy; and “ The Hindu Marriage Act, 1955 ” by S. K. Shanglo. While these writers are not completely unanimous in their view as to the absolute necessity for performance of the saptapadi in order that a valid marriage be contracted, it seems to be the consensus that if the saptapadi is included among the customary rites and ceremonies of the parties to a marriage a marriage without the saptapadi is invalid and no marriage at all. Apparently, the customary beliefs and practices of the parties are determinative on this issue.
In the present case the plaintiff established that his purported marriage to the defendant was to be a Hindu marriage, solemnized by a Hindu priest. In such circumstances the saptapadi was an essential part of the rite. The refusal of the defendant to take the seven steps, although urged by the priest and her father several times to do so, amounted in effect to a refusal of her consent to the marriage. The plaintiff later learned that the reason for this refusal was that the defendant was in love with someone else and did not want to marry the plaintiff. She told the plaintiff she was not his wife and did not consider him to be her husband and another witness testified to the defendant’s failure to perform the saptapadi and to her present refusal to acknowledge herself the plaintiff’s wife.
Under all of these circumstances it is this court’s opinion that the defendant’s failure to perform the saptapadi — an essential element in the marriage rites — makes the marriage invalid under New York law and likewise invalid under the Hindu Marriage Act of 1955. This is not a situation of a voidable marriage. The marriage in the present case was void ab initio in accordance with the Hindu Marriage Act and this annulment action merely declares that to be the fact.
The plaintiff is therefore entitled to a decree declaring his purported marriage to the defendant on January 19, 1964 to be null and void.