■ In the Matter of the Claim of JOYCE I. SEIDEL, Appellant, v CROWN INDUSTRIES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed February 21, 1986, which ruled that claimant is not the legal widow of decedent and denied her claim for death benefits.

Decedent, Harold Seidel, died on January 25, 1982 as a result of an accidental injury he suffered in the course of his employment. Claimant thereafter filed a claim for death benefits with the Workers' Compensation Board. The employer and carrier (hereinafter respondents) challenged claimant's right

to compensation on the ground that she was not the legal widow of decedent.

At the hearings held on the matter, respondents introduced the testimony of Marion Strope, who claimed that her marriage to decedent preexisted claimant's and was never terminated by divorce or annulment. Strope appeared only as a witness and never contended that she was entitled to the death benefits in issue.

The existence of both marriages, occurring approximately 1½ years apart, was established by claimant's and Strope's production of apparently authentic marriage certificates (see, CPLR 4526). Normally, proof of the existence of a marital relationship gives rise to a strong presumption that it is valid and continuing (45 NY Jur 2d, Domestic Relations, §§ 61-63, at 356-360). In circumstances such as here, where two competing marriages have been proved, the presumption favoring the validity of the second marriage is stronger than the presumption that the prior marriage continued (45 NY Jur 2d, Domestic Relations, §§ 64, 78, at 361-363, 377-379). And where, as here, the party actually challenging the validity of the marriage is a total stranger to the marital relation, the presumption becomes even stronger (see, Matter of Meltzer v McAnns Bar & Grill, 85 AD2d 826; Matter of Esmond v Lyons Bar & Grill, 26 AD2d 884; Matter of Inkpen v Lehigh Constr. Co., 12 AD2d 692, lv denied 9 NY2d 609).

In this case, respondents had the burden to rebut the strong presumption of validity of claimant's marriage. To sustain this burden, they were required to disprove by clear and convincing evidence every reasonable possibility which would validate claimant's marriage (see, Matter of Esmond v Lyons Bar & Grill, supra; see also, 45 NY Jur 2d, Domestic Relations, §§ 77-78, at 376-379). Respondents' burden was no less demanding because of the administrative forum (see, Matter of Mott v Duncan Petroleum Trans., 51 NY2d 289). In the instant case it is at least a close question whether the evidence adduced was sufficient to satisfy respondents' burden.

On the one hand, respondents offered no proof, other than Strope's testimony, that the first marriage was not legally dissolved before decedent married claimant (see, Matter of Esmond v Lyons Bar & Grill, supra, at 885). Minimally, this could have been accomplished via a search of court records in the county where decedent resided during the period between the two marriages (see, Matter of Brown, 40 NY2d 938, 939). As was the case in Matter of Esmond, there was also a

lengthy period of cohabitation, producing issue, in the second marriage. On the other hand, the period between decedent's separation from Strope and the second marriage was as short as nine months. Moreover, decedent's second marriage application affidavit contained his statements denying any previous marriage or divorce, which is more consistent with his having simply ignored the first marriage rather than having legally dissolved it (see, Matter of Terry, 32 Misc 2d 470, 471; Matter of Lancaster, 30 Misc 2d 7, 8).

A review of the Board's decision discloses that it fails to set forth the legal standard which was applied in claimant's case. In addition, we are troubled by the fact that the Board, in its decision, appears to have considered claimant's testimony, admitting that she was visited and informed by Strope of the earlier marriage just prior to her marriage to decedent, to be particularly significant. In our view, claimant's good faith or knowledge of a claimed prior marriage bears no relation on whether she is decedent's legal widow in this case. These two factors raise significant doubt as to whether the proper legal standard was applied by the Board.

Where there is a serious question on whether an administrative determination is based on the controlling legal standard, the matter should be remitted for clarification (see, Matter of Mott v Duncan Petroleum Trans., 51 NY2d 289, 292, supra; cf., Matter of Montauk Improvement v Proccacino, 41 NY2d 913). Although in the instant case it is not clear that the Board used an improper standard, we find that the close fact question and the strong public policy favoring the validity of claimant's marriage requires us to ascertain that the proper standard was actually applied in claimant's case. Accordingly, we conclude that this matter must be annulled and remitted for clarification of the Board's decision.

Decision annulled, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.