■ In the Matter of the Claim of TATIANA GOMEZ, Respondent, v WINDOWS ON THE WORLD et al., Respondents. ELISA GOMEZ ESCALANTE, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [804 NYS2d 849]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed July 6, 2004, which ruled that claimant is the legal widow of decedent and awarded her workers' compensation death benefits.

Wilder Gomez (hereinafter decedent) died on September 11, 2001 in the terrorist attacks upon the World Trade Center in New York City. When claimant applied for a workers' compensation death benefit as decedent's surviving spouse, Elisa Gomez Escalante objected and likewise sought a death benefit as decedent's surviving spouse. It appears that decedent married Escalante in his native Colombia in 1984 and, following his solitary emigration to the United States in 1991, decedent married claimant in New York in 1992.

After decedent's work-related death was established, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded that claimant was decedent's surviving spouse and awarded benefits. Upon Escalante's application for further review, the Workers' Compensation Board affirmed, prompting this appeal.

Initially, we agree with Escalante that the Board should have formally considered certain evidence which had not been presented to the WCLJ but which was submitted as part of her application for Board review. Escalante indicated to the WCLJ that she had been married to one Guillermo Rojas in 1981 but divorced him before her marriage to decedent. In support of this claim, Escalante submitted her Colombian "civil registry record of birth" which noted, among other facts, that she had obtained a "separación de cuerpos" from Rojas and thereafter "contracted civil matrimony" with decedent. Based upon the Spanish-to-English translation provided and representations made by Escalante's counsel, the WCLJ apparently concluded that Escalante and Rojas had merely been legally separated (see generally Domestic Relations Law art 11) and that, as a result, her subsequent marriage to decedent was "questionable." Therefore, according to the WCLJ, that proof failed to overcome the presumptive validity of decedent's marriage to claimant (see Matter of Seidel v Crown Indus., 132 AD2d 729, 730 [1987]).

In her application for Board review, however, Escalante submitted a copy of the actual order of separación de cuerpos and an affidavit of an experienced Colombian attorney, Sulamita Kaim Torres.* Kaim Torres attested that the "birth registry" submitted by Escalante is a statutorily-derived, "unique and definitive" catalogue of facts relating to a person's legal capacity

---

* Notably, the WCLJ had explicitly requested documentation memorializing the dissolution of the Escalante/Rojas union. However, it appears that, at the time of the hearings before the WCLJ, only Escalante's birth registry was

and status. Moreover, Kaim Torres indicated that, under then-existing Colombian law, a separación de cuerpos was used to civilly dissolve a canonic or religious marriage—such as purportedly existed between Escalante and Rojas—and that the device served as the functional equivalent to a divorce in that context.

Assuming the Board's unfamiliarity with the laws of Colombia, which are pertinent to the resolution of the instant dispute (*see generally Matter of Masocco v Schaaf*, 234 App Div 181 [1931]), and inasmuch as Escalante proffered a credible excuse for failing to present the evidence in question to the WCLJ (*see Matter of Servidio v North Shore Univ. Hosp.*, 299 AD2d 685, 686 [2002]; 12 NYCRR 300.13 [g]; *compare Matter of Cutting v Richard W. Nezelek, Inc.*, 293 AD2d 829, 830-831 [2002]), we conclude that the Board should have formally considered this additional proof. However, in light of the fact that the Board stated that the new evidence, even if considered, would not change its determination, we decline to remit the matter for additional factfinding (*cf. Matter of Barrow v Loon Lake Hotel*, 3 AD2d 783, 783-784 [1957]; *Matter of McLaskey v City of New York*, 277 App Div 1068, 1069 [1950]) and will instead review the record before us to ascertain whether the Board's determination in favor of claimant is supported by substantial evidence (*see generally* 111 NY Jur 2d, Workers Compensation §§ 772, 773).

It has long been the rule that, where a marriage has been proven by the facts adduced, there exists a presumption that such marriage is valid (*see Fisher v Fisher*, 250 NY 313, 316-317 [1929]; *Matter of Santorella v Massapequa School Dist. No. 23*, 29 AD2d 1021 [1968], *lv denied* 22 NY2d 645 [1968]; *Matter of Esmond v Lyons Bar & Grill*, 26 AD2d 884, 884 [1966]). However, where, as here, two competing putative spouses have come forth with adequate proof establishing the existence of their respective matrimonies, the law further presumes that it is the second marriage which is valid and that the first marriage was dissolved by death, divorce or annulment (*see Matter of Brown*, 40 NY2d 938, 939 [1976]; *Matter of Seidel v Crown Indus.*, *supra* at 730; 45 NY Jur 2d Domestic Relations § 73). Thus, it was Escalante's burden to prove that the more recent marriage of decedent to claimant was invalid due to the continued existence of her own marriage to decedent (*see Matter of Meehan*, 150 App Div 681, 684 [1912]; *see also Matter of Dugro*, 261 App Div 236, 239-240 [1941], *affd* 287 NY 595 [1941]). Regardless of whether Escalante's burden of persuasion

available from the Colombian authorities, despite the significant efforts of Kaim Torres and Escalante herself.

is set at a clear and convincing standard or something less stringent (*compare Matter of Seidel v Crown Indus., supra* at 730, *and Matter of Esmond v Lyons Bar & Grill, supra* at 884-885, *with Matter of Brown, supra* at 939, *and Steele v Richardson*, 472 F2d 49, 52-53 [1972]; *see generally Dolan v Celebrezze*, 381 F2d 231 [1967]), it is our view that Escalante has sufficiently established the vitality of her marriage to decedent and thus rebutted the presumptive validity of claimant's marriage to decedent (*see* Domestic Relations Law § 6; *see also Fishman v Fishman*, 48 AD2d 876, 877 [1975]).

As discussed above, Escalante produced documentary proof that a Columbian court issued a judgment of separación de cuerpos dissolving her marriage to Rojas, a fact further evidenced by a consistent notation on her Colombian civil registry form. This evidence, in conjunction with Colombian documentation of her subsequent marriage to decedent, sufficiently resolves any question concerning Escalante's capacity to marry decedent. Moreover, Escalante affirmatively testified that she and decedent never divorced and that decedent continued to provide for her and their three children following his emigration (*see Matter of Lancaster*, 30 Misc 2d 7, 9 [1960]). Escalante's assertion is further buttressed by the fact that decedent disavowed any prior marriages on the marriage certificate associated with his marriage to claimant (*see Matter of Seidel v Crown Indus., supra* at 731; *see also Dolan v Celebrezze, supra* at 232; *Fishman v Fishman, supra* at 877; *Matter of Terry*, 32 Misc 2d 470, 471 [1961]). Significantly, the notarized Colombian marriage registration documenting the union between Escalante and decedent, as well as Escalante's civil registry, both of which were generated by Colombian authorities *after* decedent's death, make no mention of any dissolution of the marriage. Again, Kaim Torres explained the significance of the absence of such notation on Escalante's registry form and, further, there is record evidence indicating that no divorce action involving decedent or Escalante has been commenced anywhere within New York City (*see* Domestic Relations Law § 230 [1]; § 231; *Matter of Seidel v Crown Indus., supra* at 730; *see also Metropolitan Life Ins. Co. v Jackson*, 896 F Supp 318, 321-322 [1995]; *cf.* CPLR 4521). Accordingly, inasmuch as we find the presumptive validity of decedent's marriage to claimant to be sufficiently rebutted by Escalante's proof, and insofar as claimant has failed to adduce affirmative proof of the invalidity of Escalante's marriage to decedent, we find the decision unsupported by substantial evidence (*see Matter of Terry, supra* at 471; *compare Matter of Bihanskyj*, 55 AD2d 836, 837 [1976]).

Mercure, Carpinello, Mugglin and Lahtinen, JJ., concur.

Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.