OPINION OF THE COURT
Anthony J. Falanga, J.
In this application of first impression, the intervenor seeks an order permitting her to offer testimony and evidence relating to the circumstances of her interactions with the defendant subsequent to their celebration of a marriage ceremony in India in 1966. The plaintiff contends that such testimony is not relevant. The intervenor further seeks a determination that her marriage to the defendant is entitled to a presumption of validity that can be rebutted only by clear and convincing evidence. The plaintiff contends that any such presumption need be rebutted only by a preponderance of the evidence, but argues in the alternative that the plaintiff has rebutted any such presumption by clear and convincing proof. The defendant did not timely submit papers in support of or in opposition to the intervenor’s application.
The plaintiff commenced a prior action seeking a judgment of divorce and granting ancillary financial relief on or about March 16, 2006 (06-200743). Her verified complaint alleged that she and the defendant were married by arrangement in a Hindu ceremony in Kottareddy Palem, India, “in or about 1955.” The parties have three emancipated children. A fourth child is deceased.
The prior action (06-200743) was dismissed on the record in open court, after a traverse hearing, on October 24, 2006. The plaintiff commenced the instant action for divorce on or about October 25, 2006.
According to a passport issued by the Republic of India on April 2, 1998, the plaintiff was born on September 9, 1942, and she is 65 years old. The defendant is 73 years old. The plaintiff is residing in Michigan with the parties’ daughter. The defendant is a urological surgeon residing in Westbury, New York. The defendant has resided in the United States since 1966. The plaintiff came to the United States in 1994 with the help of the parties’ daughter, after the daughter established permanent resident status in this country. The plaintiff states that the defendant stopped supporting her and the children approximately 30 years ago. She lives on Social Security benefits of $360 a month. Her only asset is $1,000 on deposit in a credit union account.
*404 In an affidavit submitted by the defendant in the prior action, sworn to on April 12, 2006, he stated that he never participated in a civil or religious ceremony with the plaintiff at any time. He noted that the plaintiffs complaint in said prior action did not even set forth the date of the parties’ purported marriage except to state it occurred in or about 1955. The defendant stated that he and the plaintiff were born and raised in Kottareddy, India; that they became romantically involved in or about 1953; that the relationship produced four children; that, on May 23, 1966, he married C.R. in a Hindu ceremony in his home town in India; and that there is one emancipated child of this marriage. He provided a copy of a document, sworn to on May 23, 1966, that he states is his marriage certificate. He noted that he could not have married in his home town in 1966 if he had previously married in his home town in 1955. He stated that he has supported the children he had with the plaintiff, even through medical school attended by two of the children, by channeling funds through his uncle. He further stated that he allowed “people” to believe the parties were married to protect the plaintiff from dishonor. He stated without contradiction by plaintiff that the parties have had no correspondence, communication or interaction in more than 40 years.
In response to defendant’s affidavit, the plaintiff stated that the parties were married in a traditional Hindu ceremony attended by 250 guests; and that the ceremony took place not in 1955, but in the early 1950s before the defendant attended medical school.
A bifurcated trial on the issue as to whether or not the plaintiff and defendant were married in India has been conducted and suspended pending resolution of the within application, as well as another pending application by the defendant. C.R. was granted leave to intervene in the action and she fully participated in the trial. The court permitted her to testify as to the marriage ceremony between herself and the defendant and a certification of same was received in evidence. The court, however, sustained the plaintiff’s objection, on relevancy grounds, to the intervenor’s testimony with regard to her interactions with the defendant as “husband and wife” subsequent to the marriage ceremony, with leave granted to all parties to submit memoranda of law on the issue of whether such testimony was relevant and should be permitted.
This court has previously held that the plaintiffs claim that she and the defendant were married in India in the 1950s would *405 be determined under the laws of the country of India (see R.M. v Dr. R., 14 Misc 3d 1222[A], 2007 NY Slip Op 50120[U]; see also Amsellem v Amsellem, 189 Misc 2d 27 [2001] [upholding religious ceremony conducted in France]; Matter of Huyot, 169 Misc 2d 805 [1996] [holding claimant was a concubine and not a wife according to French law]; Singh v Singh, 67 Misc 2d 878 [1971] [invalidating an arranged marriage in India]; Matter of Spector, 129 Misc 835 [1927] [upholding ceremonial Canadian marriage]; Xiong ex rel. Edmondson v Xiong, 255 Wis 2d 693, 648 NW2d 900 [2002] [upholding marriage in Laos]; Farah v Farah, 16 Va App 329, 429 SE2d 626 [1993] [invalidating Muslim marriage ceremony conducted in England]). (Similarly, the validity of a divorce granted in a foreign country is tested by applying the laws of that country [see Matter of Dominguez, 2002 NY Slip Op 50481(U)].) To that end, the plaintiff and the defendant produced witnesses at trial expert in applicable Indian law. As the marriage ceremony between the intervenor and the defendant also occurred in India, the validity of that purported marriage must also be determined under the laws of that country. Accordingly, the intervenor’s claim that her marriage is entitled to a presumption of validity, rebuttable only by clear and convincing proof, must be weighed pursuant to the laws of India. As the intervenor failed to offer any authority in Indian law in support of her application, same is denied in all respects. The intervenor shall not be permitted to offer testimony concerning her life with the defendant subsequent to their marriage ceremony. Further, her application for a determination that her marriage to the defendant is entitled to a presumption of validity rebuttable only by clear and convincing proof is denied.
The court notes, in passing, that its ruling would have been the same under the laws of the State of New York. The intervenor has misapplied the precedents cited. Such authorities, grounded in public policy intended to protect the viability of marriages and the legitimacy of children, generally create a presumption, where there are two competing marriages, that the first was dissolved by death, divorce or annulment (see Gomez v Windows on World, 23 AD3d 967 [2005]). Such policy validates both marriages and legitimizes the offspring of both unions. This point is clarified by the Court’s holding in Matter of Seidel v Crown Indus. (132 AD2d 729, 730 [1987]), stating, “where two competing marriages have been proved, the presumption favoring the validity of the second marriage is *406 stronger than the presumption that the prior marriage continued.” (Emphasis added.) The validity of the second marriage is not afforded a stronger presumption than the validity of the first marriage; rather, the presumption of the validity of the second marriage is stronger than the presumption that the first marriage did not terminate through death, divorce or annulment. Relevant precedent acknowledges that this standard requires the party attacking the validity of a purported second marriage to prove a negative (that the first marriage was never dissolved), but this burden has been found reasonable (see Apelbaum v Apelbaum, 7 AD2d 911 [1959]).
In the case at bar, if the defendant and intervenor were contending that the plaintiff and defendant’s marriage had been dissolved, under New York law, the validity of their marriage would have been entitled to a stronger presumption than the presumption that the marriage between the plaintiff and the defendant was not terminated. However, here, the plaintiff need not prove that her marriage to the defendant was not dissolved prior to his marriage to the intervenor. All parties acknowledge that the plaintiff and defendant never obtained a divorce or annulment from each other. The only issue in this action is the plaintiffs claim that she participated in a marriage ceremony with the defendant recognized by the laws of India. The marriage ceremony in which the defendant and the intervenor participated is not entitled to a presumption of validity simply because it occurred later in time than the marriage alleged, by the plaintiff, to have occurred between the plaintiff and the defendant.
The intervenor has not cited any New York precedent holding that the plaintiff herein must prove, by clear and convincing proof, that she and the defendant were married. The precedent cited by the intervenor, Matter of Danza (188 AD2d 530 [1992]), is inapplicable to the case at bar involving a ceremonial marriage, as said case addressed only the standard of proof required, under the facts, particular to that case, to prove a common-law marriage.