[919 NYS2d 166]

ELAINE MACK et al., Respondents, v REGINA BROWN et al., Defendants, and GREEN-WOOD CEMETERY MAUSOLEUMS & CREMATORY, Appellant.

Second Department, March 8, 2011

## APPEARANCES OF COUNSEL

*Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C.,* Syosset (*Anton Piotroski* of counsel), for appellant.

*Bruce S. Reznick, P.C.,* Brooklyn, for respondents.

## OPINION OF THE COURT

DILLON, J.P.

Sparse case law exists interpreting the recent enactment of Public Health Law § 4201 which, inter alia, prioritizes the persons authorized to control a decedent's remains, and immunizes entities such as funeral homes, cemeteries, and crematories from civil liability for their good faith disposal of human remains upon the direction of a person enumerated in and prioritized by Public Health Law § 4201 (2) (a) (*see* Public Health Law § 4201 [7]). Here, the defendant Green-Wood Cemetery Mausoleums & Crematory (hereinafter Green-Wood) disposed of a decedent's remains in accordance with the wishes of the decedent's apparent widow, before learning that the decedent may have instead been married to someone else at the time of his death. We use this case as an occasion to discuss the application of Public Health Law § 4201.

## I. Factual Background

The decedent, Joseph F. Mack, died on November 2, 2008, at the defendant New York Methodist Hospital (hereinafter the hospital) in Brooklyn. A Certificate of Death was issued in the normal course of the hospital's business that, inter alia, identified the defendant Regina Brown as the decedent's surviving spouse.

On November 4, 2008, Brown, using her married name of Regina Mack, signed an authorization for cremation, identifying herself as both the decedent's surviving spouse, and executor of his estate. The authorization recited that the decedent left no written instructions for the disposal of his cremated body, and that no relative or other person expressed any objection to the cremation of the decedent's body.

On November 5, 2008, the decedent's body was released by the hospital to the defendant Robert Benjamin Funeral Home (hereinafter the funeral home). The following day, the funeral

home delivered the decedent's body to Green-Wood where, pursuant to the authorization, it was cremated.

On December 10, 2008, the plaintiffs commenced this action, alleging that the plaintiff Shirley Major Mack (hereinafter Mack), and not Brown, was the decedent's surviving spouse, and that the decedent was a practicing Catholic with a burial plot provided by his union's benefit fund. The additional named plaintiffs are the decedent's issue. The plaintiffs alleged in their complaint that because Mack was the lawful wife of the decedent, the defendants had no authority to transfer his body from the hospital to the funeral home, and then to Green-Wood for cremation. The plaintiffs seek to recover damages for emotional distress resulting from the defendants' allegedly willful, wanton, wrongful, negligent, reckless, and careless conduct.

The action prompted a flurry of motions seeking dispositive relief. Initially, the funeral home made a pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3) and (7). The plaintiffs then cross-moved for summary judgment on the issue of liability pursuant to CPLR 3212. The hospital and Green-Wood, which had each answered the complaint, separately cross-moved for summary judgment dismissing the complaint insofar as asserted against each of them.[1] The collective documentary evidence presented to the Supreme Court included the Certificate of Marriage Registration evidencing a marriage ceremony between the decedent and a "Shirley Majors"[2] performed on July 14, 1980, in Brooklyn; a Certificate of Marriage evidencing a marriage ceremony between the decedent and Brown performed on November 5, 2007, in Brooklyn; the plaintiffs' verified complaint, including the allegation that Shirley Major Mack was still the lawful spouse of the decedent at the time of his purported marriage to Brown; the decedent's Certificate of Death; the Authorization for Cremation executed by Brown, with related documents; and the funeral home's affirmation for cremation and disinterment.

In the order appealed from (24 Misc 3d 1242[A], 2009 NY Slip Op 51846[U] [2009]), the Supreme Court granted the hospital's cross motion for summary judgment, and denied the cross mo-

---

1. Brown neither moved nor cross-moved for any dispositive relief. Instead, she interposed a pro se answer, in effect, denying the material allegations of the complaint.

2. While there is a slight difference between the Certificate of Marriage identifying Shirley Majors and the plaintiff, Shirley Major Mack, both names are presumed here to refer to the same person.

tions of the plaintiffs, the funeral home, and Green-Wood. The Supreme Court denied the plaintiffs' cross motion for summary judgment on the issue of liability on the ground that they failed to make a prima facie showing that Mack was the decedent's surviving spouse or that the remaining defendants were negligent in the disposition of the decedent's body. The Supreme Court denied the cross motion of Green-Wood for summary judgment dismissing the complaint insofar as asserted against it, and the separate cross motion of the funeral home pursuant to, inter alia, CPLR 3211 (a) to dismiss the complaint insofar as asserted against it, concluding, among other things, that neither the funeral home nor Green-Wood made a prima facie showing that they acted reasonably or in good faith in the handling of the decedent's body. The Supreme Court nevertheless granted the hospital's motion for summary judgment dismissing the complaint insofar as asserted against it, noting that the hospital was not liable by virtue of section 205.19 of the New York City Health Code (24 RCNY 205.19). In denying the cross motions of the plaintiffs, the funeral home, and Green-Wood, the Supreme Court nonetheless determined that the denials were with leave to renew all dispositive motions upon the completion of appropriate discovery on the issue of whether Mack or Brown was the decedent's surviving spouse.

Green-Wood appeals, as limited by its brief, from so much of the order as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it. None of the other parties has appealed or cross-appealed. For the reasons discussed below, we reverse the order insofar as appealed from, grant Green-Wood's cross motion for summary judgment dismissing the complaint insofar as asserted against it, and, upon searching the record, award summary judgment dismissing the complaint insofar as asserted against the funeral home as well.

## II. Legal Analysis

The common-law right of sepulcher gives the next of kin the absolute right to the immediate possession of a decedent's body for preservation and burial or other disposition of the remains, and damages may be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent's body (*see Shipley v City of New York*, 80 AD3d 171 [2010]; *Melfi v Mount Sinai Hosp.*, 64 AD3d 26, 31 [2009]). If a violation of the right of sepulcher is established, the next of kin

may be compensated for the emotional suffering and mental anguish which they experienced as a result (*see Shipley v City of New York*, 80 AD3d 171 [2010]). In order to recover for such emotional injuries, it must be shown that the injuries were "the natural and proximate consequence of some wrongful act or neglect on the part of the one sought to be charged" (*Stahl v William Necker, Inc.*, 184 App Div 85, 92 [1918]; *see Gostkowski v Roman Catholic Church of Sacred Hearts of Jesus & Mary*, 237 App Div 640, 642 [1933], *affd* 262 NY 320 [1933]).

Public Health Law § 4201, entitled "Disposition of Remains; responsibility therefor," addresses two broad aspects of the care, disposal, transportation, burial, cremation, or embalming of the body of a deceased person—one regarding who shall have the right to control the disposition of a decedent's remains, and the second regarding the liability of others in carrying out the directions of a person who represents that he or she is entitled to control the disposition of remains. Public Health Law § 4201 underwent significant revisions by amendments effective August 2, 2006, August 1, 2007, and October 25, 2009, respectively (*see* L 2005, ch 768, § 1; L 2006, ch 76, § 1; L 2007, ch 401, § 1; L 2009, ch 348, § 4). The most important revisions, as relevant here, were those effective August 2, 2006, from which very little case law has been generated.

First, the statute identifies, in descending priority, those persons who shall have the right to dispose of a decedent's remains (*see* Public Health Law § 4201 [2] [a]). This hierarchy of individuals with the right to dispose of deceased persons' remains was established in response to the tragic events of September 11, 2001 (*see* Mem of St of NY Dept of Health, Bill Jacket, L 2005, ch 768, at 9). Highest priority is given to the person designated in a written instrument (*see* Public Health Law § 4201 [2] [a] [i]) executed by the decedent prior to death, duly witnessed, and accepted by the designee in a form substantially similar to the template set forth in Public Health Law § 4201 (3) (*see Maurer v Thibeault*, 20 Misc 3d 631 [2008]). In the absence of a written instrument of designation, a decedent's remains shall be disposed of in the manner directed by the following persons in descending order: the surviving spouse or surviving domestic partner, any of the decedent's surviving children 18 years of age or older, either of the decedent's parents, any of the decedent's surviving siblings 18 years of age or older, a court-appointed guardian, a person 18 years of age or older entitled to share in the estate with the

person closest in relationship having the highest priority, a duly-appointed fiduciary of the estate, a close friend or other relative of the decedent reasonably familiar with the decedent's wishes, and a chief fiscal officer of a county or duly-appointed public administrator (*see* Public Health Law § 4201 [2] [a] [i]-[x]). If an enumerated individual is not reasonably available, is unwilling, or not competent to serve, and is not expected to become reasonably available, willing, or competent, then those persons of equal priority or, if there be none, those persons of the next succeeding priority shall have the right to control the disposition of the decedent's remains (*see* Public Health Law § 4201 [2] [b]; *Maurer v Thibeault*, 20 Misc 3d at 631).

The second broad accomplishment of Public Health Law § 4201 is the legal protection against civil liability it confers upon a person either identifying the decedent, representing himself or herself as authorized to control the decedent's remains, or disposing of the remains (*see* Public Health Law § 4201 [6] [a]-[c]; [7]). The statutory immunity from civil liability requires, as a condition precedent, that the persons acted "reasonably" and in "good faith" (Public Health Law § 4201 [7]).

Indeed, Public Health Law § 4201 (7) specifically provides, inter alia, that no cemetery organization, crematory, or funeral firm shall be liable "for actions taken reasonably and in good faith to carry out the directions of a person who represents that he or she is entitled to control of the disposition of remains." However, to be entitled to the protection of the statute, the cemetery organization, crematory, or funeral firm must also establish that it requested and received a written statement that the decedent's agent is designated by a will or written instrument executed pursuant to the statute or, alternatively, that the designee has no knowledge of a will or written instrument directing the disposition of the decedent's remains and that such person possesses statutory priority to control the decedent's remains (*see* Public Health Law § 4201 [7]).

Here, Green-Wood made a prima facie showing of entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]) by submitting evidence demonstrating that it did not violate the plaintiffs' alleged right of sepulcher, as its actions concerning the decedent's cremation were taken reasonably and in good faith and in compliance with Public Health Law § 4201 (7). Green-

Wood's crematory manager, Santos Rivera, stated in an affidavit that for a body to be cremated, a funeral home must obtain an authorization from the decedent's family, and must also obtain permission for the cremation from the New York City Board of Health. The authorization for the cremation at issue here was executed by Brown on November 4, 2008. On its face, the authorization satisfies the requirements of Public Health Law § 4201 (7). It recites, inter alia, that Brown was the decedent's surviving spouse and executor, that the decedent left no written instructions for the disposal of his cremated body, and that the decedent's near relatives had been informed of the proposed cremation but had expressed no objection to it. Further, Santos stated in his affidavit that Brown had provided a Certificate of Marriage identifying her as the decedent's spouse.[3] Green-Wood had no reason to question Brown's authority to act as the decedent's surviving spouse, particularly as the relevant documents were facially sufficient.

The burden therefore shifted to the plaintiffs to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Shipley v City of New York, 80 AD3d 171 [2010]). In this regard, the plaintiffs argue that the marriage between the decedent and Brown was bigamous and void ab initio, thereby negating Brown's authority to act in controlling the disposition of the decedent's remains and, by extension, negating the authority of Green-Wood to perform the cremation.

Where, as here, two competing putative spouses come forward with proof of their respective marriages, there is a presumption that the second marriage is valid and that the prior marriage was dissolved by death, divorce, or annulment (see Matter of Brown, 40 NY2d 938, 939 [1976]; Matter of Gomez v Windows On World, 23 AD3d 967, 969 [2005]; Matter of Seidel v Crown Indus., 132 AD2d 729, 730 [1987]; Fishman v Fishman, 48 AD2d 876, 877 [1975]). When the presumption is successfully rebutted, the second marriage is void ab initio (see Domestic Relations Law § 6), and is not ratified or validated by a subsequent dissolution of the first marriage (see Sanchez v Sanchez, 79 AD2d 651 [1980]; Zeitlan v Zeitlan, 31 AD2d 955, 956 [1969], affd 26 NY2d 835 [1970]; see also Domestic Relation Law § 140 [a]). Accordingly, if, as the plaintiffs allege, the documented

---

**3.** An original Certificate of Marriage is admissible as prima facie evidence of a marriage (see CPLR 4526). Brown's marriage certificate is certified and reflects an official seal of the City Clerk of the City of New York, Marriage Bureau.

marriage of the decedent to Mack was still valid and ongoing at the time of the decedent's later marriage to Brown, then Brown was not a surviving spouse authorized to control the disposition of the decedent's remains as contemplated by Public Health Law § 4201 (2) (a) (ii).

█ As noted by the Supreme Court, Mack failed to tender any evidence that her 1980 marriage to the decedent had not been dissolved, which could have been addressed by a search of court records showing that no divorce action had been commenced and concluded (*see Matter of Gomez v Windows On World*, 23 AD3d at 970; *Matter of Seidel v Crown Indus.*, 132 AD2d at 730; *see also* CPLR 4521). Moreover, the plaintiffs' verified complaint alleging Mack's status as surviving spouse, which ordinarily may be used as an affidavit (*see* CPLR 105 [u]), was verified by someone other than Mack, without any showing that such person had personal, nonhearsay knowledge of Mack's marital status.

█ We need not determine, however, whether the marriage between the decedent and Brown was void. Green-Wood's liability does not depend upon whether Brown's marriage is void, but instead depends upon whether its own actions were taken "reasonably and in good faith" (Public Health Law § 4201 [7]) under the circumstances.

The clear intent of the statute is, inter alia, to shield cemeteries, crematories, and funeral firms from civil liability, so long as they reasonably rely in good faith upon the directions of persons with apparent authority to control the disposition of human remains, and obtain the documentation set forth in the statute. The Legislature, in enacting the 2005 version of Public Health Law § 4201, effective August 2, 2006, could not have intended for cemeteries, crematories, and funeral firms possessed of duly-executed authorizations, death certificates, and related documentation, such as Green-Wood was here, to cross-examine grieving widows or widowers, children, parents, siblings, or others to confirm the validity of the familial or personal status claimed under the Public Health Law, or to conduct independent investigations of such persons to protect themselves from potential liability. Naturally, if a cemetery, crematory, or funeral firm receives incomplete or suspicious documents or other information that would cast doubt upon an individual's authority to control a decedent's remains, further inquiry would be indicated. Here, however, the plaintiffs proffered no evidence in admissible form to suggest that Green-Wood had any reason not to rely

upon Brown's seemingly valid authorization and marriage certificate naming her as the decedent's surviving spouse. To require Green-Wood to conduct further examination or investigation of Brown's marital status would render meaningless the civil liability protections now afforded to it by Public Health Law § 4201. Consequently, the Supreme Court should have granted Green-Wood's cross motion for summary judgment dismissing the complaint insofar as asserted against it.

### III. Search of the Record

■ This Court has the authority to search the record and award summary judgment to a nonappealing party with respect to an issue that was the subject of the motions before the Supreme Court (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111 [1984]; *Masi v Kir Munsey Park 020 LLC*, 76 AD3d 514 [2010]; *Piedra v Matos*, 40 AD3d 610, 611-612 [2007]; *Piltser v Donna Lee Mgt. Corp.*, 29 AD3d 973, 974 [2006]; *Colon v Vargas*, 27 AD3d 512, 514 [2006]; *Beausejour v Naseer*, 24 AD3d 404 [2005]; *Capellan v King Wire Co.*, 19 AD3d 530 [2005]). The documentary basis for an award of summary judgment in favor of Green-Wood is the same as that argued by the funeral home in its motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it. Accordingly, upon searching the record, and in the interest of judicial economy, summary judgment must also be awarded in favor of the funeral home.

In light of the foregoing, the order is reversed insofar as appealed from, on the law, the cross motion of the defendant Green-Wood Cemetery Mausoleums & Crematory for summary judgment dismissing the complaint insofar as asserted against it is granted, and, upon searching the record, summary judgment is awarded to the defendant Robert Benjamin Funeral Home dismissing the complaint insofar as asserted against it, and the determination in the order denying that branch of the cross motion of that defendant which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it is vacated.

ANGIOLILLO, HALL and ROMAN, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion of the defendant Green-Wood Cemetery Mausoleums & Crematory for summary judgment dismissing the complaint insofar as asserted against it is granted, and, upon searching the record, summary judgment is

awarded to the defendant Robert Benjamin Funeral Home dismissing the complaint insofar as asserted against it, and the determination in the order denying that branch of the cross motion of that defendant which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it is vacated.