OPINION OF THE COURT
Thomas A. Stander, J.
*201 The plaintiff, Bonnie Benoit Gerardi, submits a motion seeking summary judgment on her claims set forth in the complaint against defendant, Paul W. Harris Funeral Home Inc. The complaint alleges a claim for loss of sepulcher resulting from defendant’s failure and refusal to return the cremated ashes of plaintiff’s husband, Anthony Gerardi, to plaintiff. The complaint alleges that the defendant gave the ashes to an unauthorized third party. Plaintiff asserts that the intentional, reckless, and/or negligent actions of the defendant caused her to undergo emotional and physical distress and mental anguish and the plaintiff sustained damage. Plaintiff also sets forth a second cause of action, based on the reckless and intentional conduct of defendant, for punitive damages.
The affidavits submitted in support of the plaintiff’s motion establish that the plaintiff, Bonnie Benoit Gerardi, and Anthony Gerardi were married on September 29, 2007. The plaintiff’s affidavit sets forth this evidence in support of her motion for summary judgment. The deceased, Anthony Gerardi, died on November 5, 2013. At that time they were still married. When Anthony Gerardi died, the plaintiff met with the defendant and engaged the funeral home to handle the decedent’s remains, conduct and supervise the visitation, and to perform cremation. The plaintiff also received the bill for the funeral and professional undertaking services, and paid the bill for these services. That in accordance with the services of the funeral home, plaintiff was advised that the ashes could be stored with the defendant until she decided upon the disposition of the ashes. When the plaintiff returned to sign various documents and to request the ashes of her husband, the defendant advised that the executor of the decedent’s estate had priority and that the ashes were turned over to the executor. The will of Anthony Gerardi was never probated and no executor of the will was appointed by the court. The plaintiff’s motion for summary judgment relies upon Public Health Law § 4201 (2) (a) (ii) for the legal basis of her claim that she had priority to the ashes of Anthony Gerardi over any proposed executor of a will. Plaintiff asserts that the ashes of her late husband were unlawfully buried in Holy Sepulchre Cemetery without her knowledge or permission on December 7, 2013. Plaintiff seeks summary judgment against the defendant for loss of her right of sepulcher, and for damages.
The Public Health Law sets forth a definitive list of priority of persons having the right to control the disposition of the remains of a decedent (Public Health Law § 4201 [2] [a]). The *202 decedent’s surviving spouse is in the second priority position. There is no showing in the plaintiff’s papers of any person designated in a written instrument as set forth in the statute or of a will {id. § 4201 [2], [3]). Based upon the evidence submitted and the law regarding control of disposition of remains, plaintiff has demonstrated that she is entitled to judgment as a matter of law (CPLR 3212 [b]). Thus the plaintiff is in the priority position to be in control of the decedent Anthony Gerardi’s remains.
The burden then shifts to the defendant to submit evidence which raises a triable question of fact. Although provided the opportunity, defendant does not submit any affidavits specifically opposing the summary judgment motion of the plaintiff.[1] However in the papers originally opposing the motion for a default judgment or summary judgment, defendant set forth its position. The affidavit of Michael Harris, manager of the defendant, advises that on November 5 or 6, 2013 he met with plaintiff and several of the decedent’s siblings to discuss funeral arrangements, and everyone agreed upon cremation and burial at Holy Sepulchre Cemetery alongside his deceased brother. Defendant submits a written statement pursuant to Public Health Law § 4201 indicating that plaintiff executed the statement that she has the right to control disposition of the deceased’s remains. The document is dated November 6, 2013. The defendant also submits another document, dated November 7, 2013 but showing a signature date of November 6, 2013, authorizing cremation and disposition signed by plaintiff as the surviving spouse. The “Final Disposition” section indicates that defendant is authorized to receive the cremated remains; however, the section to state how the cremated remains of the deceased will be disposed of is blank.
The defendant then states there was a call from a family member stating that a will was located, and then that it received a letter on November 11, 2013 from an attorney, who represents the estate of the deceased, indicating there was a will. This attorney letter requests that “[defendant] retain custody of the remains for safekeeping until the issue of custody was resolved” (Harris aff, exhibit 3). The defendant states that it received a letter dated November 12, 2013 from *203 counsel enclosing a copy of the deceased’s will and indicating the attorney represented the nominated executor of the estate of the deceased. This letter indicates that paragraph 10 of the will indicates the wishes of the deceased to be buried; that the attorney spoke with the plaintiff and she indicated her desire to have the cremated remains interred at Holy Sepulchre Cemetery.
On November 14, 2013 defendant concedes that plaintiff came to the office to execute the necessary paper work for the funeral expenses to be paid from an insurance policy; and that defendant advised he could not release the remains to plaintiff because defendant was bound by law to follow the wishes of the executor of the estate named in the will. Based on the executor’s instructions and the will, the remains were delivered for burial on December 7, 2013 to Holy Sepulchre. Defendant asserts that it properly maintained custody of the remains and delivered them for burial pursuant to the instructions of the executor of the estate.
Decision
Public Health Law § 4201 (2) sets forth the priority for the right to control disposition of the remains of Mr. Gerardi. The plaintiff, as surviving spouse, is in the second position of priority. There is no evidence of a written instrument executed pursuant to section 4201 (3). There is evidence of a will of the deceased. A will that makes a “designation of a person for the disposition of one’s remains or directions for the disposition of one’s remains in a will . . . shall be . . . considered reflective of the intent of the decedent with respect to the disposition of the decedent’s remains” (Public Health Law § 4201 [4] [a]). The will does not have to be probated for actions taken reasonably and in good faith based upon the directions in the will regarding disposition of one’s remains to be valid (id.). The statute also provides protection from civil liability to funeral homes for “actions taken reasonably and in good faith to carry out the written directions of a decedent as stated in a will” (id. § 4201 [7]). The statute also provides that every dispute relating to the disposition of the remains of a decedent “shall be resolved by a court” and that there is no liability “for refusal to provide such services [of disposition of remains], when control of the disposition of such remains is contested, until such person receives a court order.” (Id. § 4201 [8].) The cremation of a deceased has an additional requirement of another form that sets forth the declaration of intent for disposition of the remains (Public Health Law § 4202 [4]).
*204 Here the plaintiff, as the surviving spouse, executed on November 6, 2013 the document indicating she had the right to control disposition of the remains of Anthony Gerardi; and indicating she had no knowledge of a will. The only one with priority above her would be a person designated in a written instrument per the statute; and there is not such a document. A will that designates the disposition of the remains would also take priority. The will which was submitted by an attorney of the alleged executor of the estate of the deceased, to the defendant, indicates only a statement “I would request that my remains be buried next to the burial place of my beloved wife, Muriel J. Gerardi, if she shall predecease me” (Harris aff, exhibit 4; will ¶ 10). This language is not a designation of a person for disposition of his remains.[2] Thus, there is no written instrument designating directions for the disposition of the remains of the deceased. The surviving spouse has priority for the right to control the disposition of the remains of Anthony Gerardi.
The defendant fails to submit evidence sufficient to establish a triable question of fact. The plaintiff is entitled to summary judgment on her claim for liability for loss of sepulcher.
There is statutory immunity from civil liability under Public Health Law § 4201, however there is little case law addressing these provisions of Public Health Law § 4201; however, the Second Department has analyzed this law and states:
“The common-law right of sepulcher gives the next of kin the absolute right to the immediate possession of a decedent’s body for preservation and burial or other disposition of the remains, and damages may be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent’s body. If a violation of the right of sepulcher is established, the next of kin may be compensated for the emotional suffering and mental anguish which they experienced as a result. In order to recover for such emotional injuries, it must be shown that the injuries were ‘the natural and proximate consequence of some *205 wrongful act or neglect on the part of the one sought to be charged’ ” (Mack v Brown, 82 AD3d 133, 137-138 [2d Dept 2011] [citations omitted]; see Toppin v Town of Hempstead, 121 AD3d 883 [2d Dept 2014]).
The Court states that “[t]he statutory immunity from civil liability requires, as a condition precedent, that the person acted ‘reasonably’ and in ‘good faith’ (Public Health Law § 4201 [7])” (Mack at 139). The funeral firm must also establish that it requested and received the written statements required under Public Health Law § 4201 (7) in order to be entitled to the statutory protections (id.).
The defendant fails to submit any evidence that there is a written statement as required by the statute from any person other than the plaintiff. Even after notice of the will, there is no showing which indicates why another person, other than the spouse, was authorized to control the right of disposition of the remains of Anthony Gerardi. Further the written statement of the plaintiff regarding disposition of the remains is blank, with no directions or instructions by plaintiff for disposition of the remains. The will language regarding burial next to his ex-wife is inapplicable, as that person is still alive. There is nothing in writing authorizing burial of the cremated remains or any location for burial.
The plaintiff and the defendant both indicated that there was a discussion regarding plaintiff directing the disposition of the remains and obtaining the ashes; and the defendant, as the funeral director, advised plaintiff that the executor had priority over controlling disposition of the remains. There is no paper work authorizing the executor, who was never appointed, to be the person directing control of the disposition. Instead the remains were provided for burial without the paper work. The defendant fails to establish that it acted “ ‘reasonably’ and in ‘good faith’ (Public Health Law § 4201 [7])” (Mack at 139). The defendant also fails to establish that it requested and received the written statements required under Public Health Law § 4201 (7) in order to be entitled to the statutory protections (id.). The defendant is not entitled to the statutory protections from liability as the conditions precedent for such protections do not exist (Public Health Law § 4201 [7]; Mack at 139).
The motion of the plaintiff for summary judgment on the issue of liability against the defendant for loss of sepulcher is granted.
*206 There is no basis for a punitive damages claim. The motion for summary judgment for punitive damages is denied.

. The prior motion for a default judgment by the plaintiff was denied and the defendant was provided the opportunity to serve a verified answer. The summary judgment portion of plaintiff’s motion was adjourned with submission dates for additional papers on the summary judgment motion.

. There is a specific direction for the disposition of his remains next to his prior, and at the time of death divorced, wife “if she shall predecease me.” The remains were not buried next to the burial place of Muriel Gerardi, who is now the divorced wife of the deceased, and there is no evidence that she is dead. This is very specific language and cannot be reflective of the deceased’s intent beyond the specific description.