Felton v St. Joseph Hosp. (2025 NY Slip Op 05014)

Felton v St. Joseph Hosp.

2025 NY Slip Op 05014

Decided on September 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 18, 2025

Before: Moulton, J.P., Scarpulla, Gesmer, Rosado, O'Neill Levy, JJ. 

Index No. 23808/20|Appeal No. 4613|Case No. 2024-03450|

[*1]Sharelle Felton et al., Plaintiffs-Respondents,
v
St. Joseph Hospital et al., Defendants-Respondents-Appellants, Greenwood Crematory, Defendant-Appellant-Respondent, Dawn Taddeo, Defendant.

McCarthy & Associates, Melville (Michael D. Kern of counsel), for appellant-respondent.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford (Argiro Drakos of counsel), for St. Joseph Hospital, respondent-appellant.
Marshall Conway Bradley Gollub & Weissman, P.C., New York (Melissa Freedman of counsel), for Ackerman Funeral Chapel, Inc., respondent-appellant.
Salenger, Sack, Kimmel & Bavaro, LLP, Woodbury (Gerilynn Fedrich Falasco of counsel), for respondents.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about May 29, 2024, which denied defendants Rosemount Memorial s/h/a Greenwood Crematory, Ackerman's Funeral Chapel, Inc., and WSNCH North, Inc. doing business as St. Joseph Hospital's separate motions for summary judgment dismissing plaintiffs' claims and all cross-claims against them, unanimously reversed, on the law, without costs, the motions granted, and the complaint and all cross-claims against them dismissed. The Clerk is directed to enter judgment accordingly. Plaintiffs, the alleged adult children of decedent Otis Felton, assert that their rights of sepulcher were infringed by defendants. Mr. Felton died on February 11, 2019, at St. Joseph Hospital, after he was transported from his nursing home in cardiac arrest. St. Joseph took appropriate steps to locate and notify the decedent's next of kin,Dawn Taddeo, the decedent's alleged domestic partner, who was identified as his "spouse" in the hospital records and his "wife" in the records of the nursing home where he resided before being hospitalized. Ms. Taddeo reached out to a cousin of plaintiffs and informed them of Mr. Felton's death. Ms. Taddeo then contacted Ackerman's Funeral Chapel. Ackerman arranged for the body to be released to its employee, a licensed funeral director, who also had her own statutory obligation to act reasonably and in good faith in carrying out the directions of the person entitled to control the disposition of remains (see Public Health Law § 4201[7]) and who executed a Funeral Director's Statement of Authority based on authorization from Ms. Taddeo.
The record shows that Ackerman properly transferred the body to Greenwood Crematory, in accordance with instructions from Ms. Taddeo. Greenwood did not take any steps to cremate the decedent until March 4, after it received a cremation authorization signed by Ms. Taddeo. It is undisputed that Ms. Taddeo informed plaintiffs through a cousin that the decedent died at the hospital and that they were able to see his body in the hospital's morgue on the day of his death. However, they did not leave contact information, or reach out to the hospital about disposition of the body or funeral arrangements, until after the decedent's cremation on March 4, almost a month after his death. St. Joseph did not unlawfully interfere with plaintiffs' right to immediate possession of the decedent's body by releasing it to Ackerman. St. Joseph, who was told Ms. Taddeo was the decedent's next of kin by the nursing home, relied on the nursing home's identification in good faith. Plaintiffs were aware of the decedent's death and did not promptly object to Ms. Taddeo's identification as the decedent's next of kin. The hospital met its duty to ensure that "a licensed and registered funeral director . . . shall be present and personally supervise and arrange for the removal or transfer of each dead human body" (Dept of Health Regs [10 NYCRR] § 77.7[a][1]). The hospital discharged the decedent to the licensed funeral director, who had authorization from Ms. Taddeo and was required by law to act in good faith (see Public Health Law § 4201[7]).
Ackerman and Greenwood acted reasonably and in good faith in carrying out the directions of Ms. Taddeo. Accordingly, Supreme Court should have granted them summary judgment pursuant to Public Health Law § 4201(7):
"No cemetery organization, business operating a crematory, natural organic reduction facility, or columbarium, funeral director, undertaker, embalmer or funeral firm shall be held liable for actions taken reasonably and in good faith to carry out the directions of a person who represents that he or she is entitled to control of the disposition of remains, provided that such action is taken only after requesting and receiving written statement that such person . . . is the designated agent of the decedent designated in a will or written instrument executed pursuant to this section (Public Health Law § 4201[7], [a])."
Furthermore, Ackerman and Greenwood were entitled to rely on cremation authorizations complying with section 4201(7) (Mack v Brown, 82 AD3d 133, 140 [2d Dept 2011]). Ms. Taddeo, identifying herself as the decedent's next of kin, provided a valid cremation authorization to both Ackerman and Greenwood instructing that his remains be cremated.
Neither Ackerman nor Greenwood had reason to question Ms. Taddeo's status as the decedent's domestic partner. Under Public Health Law § 4201(7), there is no affirmative duty to investigate absent "incomplete or suspicious documents or other information that would cast doubt upon an individual's authority to control a decedent's remains" (see Mack, 82 AD3d at 141). There were no such red flags here. Ms. Taddeo represented herself to defendants as the decedent's domestic partner, readily provided the decedent's personal information, including his social security number, his date of birth, and his parents' names, and there were no objections made by plaintiffs to Ms. Taddeo's authority at the time of the decedent's death.
All cross-claims asserted by defendants are dismissed in the absence of any underlying liability to plaintiffs (see Canty v 133 E. 79th St., LLC, 167 AD3d 548, 549 [1st Dept 2018]). THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 18, 2025